UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 03 2008 ★

BROOKLYN OFFICE

Ronald D. Coleman (RC 3875)
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, NY 10119
Tel: (212) 695-8100
Attorneys for Plaintiff David A. Tropp

CV-08-4446

VITALIANO, J

| DAVID A. TROPP, | Civil Action No. MANN, M.J |
|---|---|
| Plaintiff, | |
| v. | |
| CONAIR CORPORATION, BROOKSTONE, INC., BRIGGS & RILEY TRAVELWARE LLC, DELSEY LUGGAGE INC., EBAGS, INC., EAGLE CREEK, INC., FORTUNE BRANDS, INC., HP MARKETING CORP. LTD, L. C. INDUSTRIES, LLC, OUTPAC DESIGNS INC., MAGELLAN'S INTERNATIONAL TRAVEL CORPORATION, SAMSONITE CORPORATION, TITAN LUGGAGE USA, TRAVELPRO INTERNATIONAL INC, TUMI, INC, VICTORINOX SWISS ARMY, INC., and DEFENDANT WORDLOCK, INC., | COMPLAINT |
| Defendants. | |

Plaintiff David A. Tropp, by and through his undersigned counsel, hereby complains and says regarding his allegations in the herein action against the defendants

**PARTIES**

1. Mr. Tropp resides at 165 Norfolk Street, Brooklyn, New York.

2. Defendant Conair Corporation is a New Jersey corporation with its corporate headquarters at 150 Milford Road, East Windsor, New Jersey and manufactures, distributes

licenses or sells Travel Smart by Franzus brand luggage locks.

3. Defendant Brookstone, Inc. is a Delaware Corporation with its corporate headquarters at One Innovation Way, Merrimack, New Hampshire which manufactures, distributes licenses or sells a variety of travel security and luggage products and accessories.

4. Defendant Briggs & Riley Travelware LLC is a Delaware limited liability company with its corporate headquarters at 400 Wireless Boulevard, Hauppauge, New York which manufactures, distributes licenses or sells Briggs & Riley brand luggage products and accessories.

5. Defendant Delsey Luggage Inc. is, on information and belief, a Maryland corporation with its corporate headquarters at 6735 Business Parkwway, Elkridge, Maryland which manufactures, distributes licenses or sells Delsey brand luggage products and accessories.

6. Defendant eBags, Inc. is a Colorado corporation with its corporate headquarters at 6060 Greenwood Plaza Boulevard, Greenwood, Colorado which manufactures, distributes licenses or sells a variety of travel security and luggage products and accessories.

7. Defendant Eagle Creek, Inc. is, on information and belief, a California corporation with its corporate headquarters at 3055 Enterprise Court, Vista, California which manufactures, distributes licenses or sells Eagle Creek brand luggage products and accessories.

8. Defendant Fortune Brands, Inc. is a Delaware Corporation with its corporate headquarters at 520 Lake Cook Road, Deerfield, Illinois and is the owner of Master Lock, which manufactures, distributes, licenses or sells Master Lock brand locks and security products and accessories.

9. Defendant HP Marketing Corp. is a New Jersey corporation with its corporate headquarters at 16 Chapin Road, Pine Brook, New Jersey and distributed Rimowa brand luggage

in the United States.

10.     Defendant L. C. Industries, LLC is an Illinois limited liability corporation with its corporate headquarters at 401 North Western Avenue, Chicago, Illinois and manufactures, distributes, licenses or sells Lewis N. Clark and Belle Hop brand luggage locks.

11.     Defendant Outpac Designs Inc. is a Delaware corporation with its corporate headquarters at 1210 W. Marine View Drive, Everett, Washington and manufacturers, distributes licenses or sells Pacsafe brand travel security products.

12.     Defendant Magellan's International Travel Corporation is a California corporation with its corporate headquarters at 110 West Sola Street, Santa Barbara, California and manufacturers, distributes, licenses or sells Magellan's brand travel security products.

13.     Defendant Samsonite Corporation is, on information and belief, a Delaware corporation with its United States corporate headquarters at 575 West Street, Mansfield, Massachusetts which manufactures, distributes licenses or sells Samsonite brand luggage products and accessories.

14.     Defendant Titan Luggage USA is, on information and belief, a German corporation with its United States headquarters at 635 Trade Center Drive, Las Vegas, Nevada. which manufactures, distributes licenses or sells Titan brand luggage products and accessories.

15.     Defendant Travelpro International Inc. is a Delaware corporation with its corporate headquarters at 700 Banyan Trail, Boca Raton, Florida which manufactures, distributes licenses or sells Travelpro brand luggage products and accessories.

16.     Defendant Tumi, Inc. is a New Jersey corporation with its corporate headquarters at 1001 Durham Avenue, South Plainfield, New Jersey which manufactures, distributes licenses or sells Tumi brand luggage products and accessories.

3

17. Defendant TRG Group, Inc. is, on information and belief, a Missouri corporation with its corporate headquarters at 2047 Westport Centre Drive, St Louis, Missouri which manufactures, distributes licenses or sells Victorinox Swiss Army brand luggage products and accessories.

18. Defendant Wordlock, Inc. is a California corporation with a corporate headquarters at Wordlock, Inc., 2855 Kifer Road, Santa Clara, California which manufactures, distributes licenses or sells Wordlock brand locks and security products and accessories.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over Mr. Tropp's counterclaim pursuant to 28 U.S.C. § 1338, as it involves claims arising under the patent laws of the United States.

20. Venue is appropriate in this District because the plaintiff resides in this District, the harm suffered by him as a result of the actions alleged herein has occurred in this District and the defendants conduct business in this District.

## BACKGROUND

21. Due to the threat of terrorism and other safety reasons, in the weeks prior to January 1, 2003, the Transportation Security Administration ("TSA"), a division of the United States Department of Homeland Security, announced that if a TSA luggage screener at a United States airport is unable to open a traveler's luggage for inspection because it is locked, that screener may clip or break open the luggage lock. While this plainly is intended to promote safety, it results in travelers' luggage being rendered "unlockable" after the inspection process.

22. Recognizing the limitation of the above inspection process, in late 2002, David A. Tropp, 21-years-old at the time, developed an innovative system for making airline luggage inspection secure while accommodating the needs of the traveler, in which dual access locks that

can be opened by the luggage owner and the TSA are provided to consumers, as more particularly described and claimed in United States Patent Nos. 7,021,537 ("the '537 patent") and 7,036,728 ("the '728 patent").

**Mr. Tropp's Patents**

23. Mr. Tropp subsequently applied for, and was granted, patents protecting his novel idea. In particular, on April 4, 2006, the United States Patent & Trademark Office duly and properly issued to Mr. Tropp United States Patent No. 7,021,537, entitled "Method of Improving Airline Luggage Inspection," to Mr. Tropp. A copy of the '537 patent was attached as Exhibit B to the Complaint.

24. On May 2, 2006, the United States Patent & Trademark Office duly and properly issued to Mr. Tropp a second patent, United States Patent No. 7,036,728, entitled "Method of Improving Airline Luggage Inspection," to Mr. Tropp. A copy of the '728 patent was attached as Exhibit C to the Complaint.

25. Mr. Tropp owns all right, title, and interest in and to the '537 and '728 patents.

26. Through his company Safe Skies, LLC ("Safe Skies"), Mr. Tropp makes his patented system available to the public.

27. Travel Sentry, Inc. is a company is a Florida corporation having its principal place of business in Durham, New Hampshire ("Travel Sentry"). Travel Sentry's business includes the marketing and licensing of its travel lock system for luggage. That system uses a dual access lock that can be opened by the luggage owner and by TSA baggage screeners.

28. Travel Sentry's travel lock system is identical to the one developed and patented by Mr. Tropp and infringes the '537 and '728 patents.

29. Each and every one of the defendants named herein manufacturer, distributes,

5

licenses or sells luggage locks or products incorporating luggage locks that utilize Travel Sentry's travel lock system.

30. In January 2007, Mr. Tropp filed claims for patent infringement against Travel Sentry in this Court, as counterclaims to an action for declaratory judgment brought by Travel Sentry styled Travel Sentry, Inc. v. Tropp, Civil Action No. 1:06-cv-06415 (the "Travel Sentry Action"). The Travel Sentry Action is still pending.

31. Upon information and belief, all the defendants herein have known or should have know, or as a matter of law should be deemed constructively to have known, of the claims asserted by Mr. Tropp in the Travel Sentry Action.

32. Notwithstanding such knowledge, the defendants have continued to engage in the acts of infringement alleged herein.

## COUNT I
### INFRINGEMENT OF THE '537 PATENT

33. Each allegation contained in the foregoing paragraphs is incorporated herein by reference as if fully set forth herein.

34. Defendants have infringed the '537 patent by making Travel Sentry's travel lock system for luggage available to consumers, directly or through its licensees.

35. Defendants' infringement of the '537 patent has been willful, deliberate, and with full knowledge and disregard of Mr. Tropp's rights thereunder.

36. Defendants are direct competitors of Mr. Tropp's company, Safe Skies.

37. Defendants' infringement has caused irreparable injury and damage to Mr. Tropp for which Mr. Tropp has no adequate remedy at law.

## COUNT II
INFRINGEMENT OF THE '728 PATENT

38. Each allegation contained in the foregoing paragraphs is incorporated herein by reference as if fully set forth herein.

39. Defendants have infringed the '728 patent by making Travel Sentry's travel lock system for luggage available to consumers, directly or through its licensees.

40. Defendants' infringement of the '728 patent has been willful, deliberate, and with full knowledge and disregard of Mr. Tropp's rights thereunder.

41. Defendants are direct competitors of Mr. Tropp's company, Safe Skies.

42. Defendants' infringement has caused irreparable injury and damage to Mr. Tropp for which Mr. Tropp has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff David Tropp respectfully requests that this Court enter judgment:

A. Finding, declaring, and adjudging that defendants have infringed the '537 and '728 patents;

B. Permanently enjoining defendants and their principals, shareholders, officers, directors, employees, successors, assigns, suppliers, agents, servants and attorneys, and all those persons in active concert, participation or privity with them, or any of them, from infringing the '537 and '728 patents;

C. Awarding Mr. Tropp compensatory damages as provided by law for defendants' infringement, including, but not limited to an award of prejudgment interest, a reasonable royalty, or lost profits;

D. Awarding Mr. Tropp, pursuant to 35 U.S.C. § 284, increased damages in the amount

of three times the amount found or assessed, for the deliberate and willful nature of defendants' infringement;

E. Awarding Mr. Tropp, pursuant to 35 U.S.C. § 285, his costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in preparing for and pursuing this action; and

F. Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

RONALD D. COLEMAN (RC 3875)

GOETZ FITZPATRICK LLP
One Penn Plaza
New York, N.Y. 10119
(212) 695-8100

Attorneys for Plaintiff David A. Tropp

Dated: October 31, 2008