UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
                       :

DAVID A. TROPP,                  : Hon. Eric N. Vitaliano, U.S.D.J.
                       : Hon. Roanne L. Mann, U.S.M.J.

      Plaintiff,          :

                       :

      v.               : Civil Action No. 1:08-cv-04446

                       :

CONAIR CORPORATION, BROOKSTONE, :
INC., BRIGGS & RILEY TRAVELWARE, LLC, :
DELSEY LUGGAGE, INC., EBAGS, INC., :
EAGLE CREEK, a division of VF OUTDOOR, :
INC.,, MASTER LOCK COMPANY, LLC, HP :
MARKETING CORP. LTD., L.C. INDUSTRIES, :
LLC, OUTPAC DESIGNS, INC., MAGELLAN'S :
INTERNATJONAL TRAVEL CORPORATION, :
SAMSONITE CORPORATION, TITAN :
LUGGAGE USA, TRAVELPRO :
INTERNATIONAL, INC., TUMI, INC., TRG :
ACCESSORIES, LLC, and WORDLOCK, INC., :

                       :

      Defendants.        :

                       :
---------------------------------------------------------------x

## DEFENDANT MAGELLAN'S INTERNATIONAL TRAVEL CORPORATION'S ANSWER TO COMPLAINT

       Defendant, Magellan's International Travel Corporation ("Defendant") hereby

answers the Complaint of David A. Tropp ("Tropp" or "Plaintiff") as follows:

### PARTIES

       1.    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 1 of the Complaint.

       2.    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.      Defendant denies the allegations of paragraph 12 of the Complaint, except that it admits that it is a California corporation, its corporate headquarters is at 110 W. Sola Street, Santa Barbara, California, and it distributes Magellan's brand travel security products.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

### JURISDICTION AND VENUE

19.     Paragraph 19 purports to state a conclusion of law to which no response is required.

20.     Paragraph 20 purports to state a conclusion of law to which no response is required.

### BACKGROUND

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint, except admits the TSA made public announcements prior to January 1, 2003 regarding luggage screening which announcements speak for themselves.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in paragraph 23 of the Complaint, except admits that on or about April 4, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,021,537, entitled "Method of Improving Airline Luggage Inspection."

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint, except admits that on or about May 2, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,036,728, entitled "Method of Improving Airline Luggage Inspection."

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant denies the allegations set forth in paragraph 29 of the Complaint, except admits that it sells luggage locks and other products incorporating the Travel Sentry trademark.

30.     Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT I
### INFRINGEMENT OF THE '537 PATENT

33.     Defendant restates and incorporates by reference its answers to paragraphs 1 to 32 of the Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the Complaint, except admits that Defendant and Safe Skies both sell luggage locks.

37.     Defendant denies the allegations set forth in paragraph 37 of the Complaint.

## COUNT II
### INFRINGEMENT OF THE '728 PATENT

38.     Defendant restates and incorporates by reference its answers to paragraphs 1 to 37 of the Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.   Defendant denies the allegations set forth in paragraph 41 of the Complaint, except admits that Defendant and Safe Skies both sell luggage locks.

42.   Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

U.S. Patent Nos. 7,021,537 and 7,036,728, and each claim thereof, are invalid because they do not comply with the statutory requirements of patentability and enforceability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Defendant and, therefore, the relief sought by the Plaintiff cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not infringed, either literally or under the doctrine of equivalents, nor induced any infringement of, nor contributed to any infringement of any of the claims of U.S. Patents Nos. 7,021,537 and 7,036,728, either willfully or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability for infringement of U.S. Patent Nos. 7,021,537 and 7,036,728 under 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief to the extent that he has unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on his claims as said claims are frivolous and violative of 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared in whole or in part by laches.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent he has failed to comply with the requirements of 35 U.S.C. § 287, including the duty to require marking on the part of any licensees.

TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred  from recovery against Defendant to the extent that  Plaintiff has obtained any amount from any other person or entity related to infringement of U.S. Patent Nos. 7,021,537 and 7,036,728.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for patent infringement are brought for the purpose of harassment and not in good faith.  Consequently, this case should be found to be an exceptional case under 35 U.S.C. § 285, and the Defendants should be awarded attorneys' fees and costs.

WHEREFORE, Defendant respectfully requests that this Court:

1.      Deny all of the Plaintiff's requests for relief;

2.      Award Defendant its costs and fees in defending this action on the grounds that Plaintiff has no legal or factual basis to claim infringement of any valid claim,

making this case exceptional under 35 U.S.C. § 285 and frivolous under 28 U.S.C. § 1927; and

      3.      Grant Defendants such other legal and equitable relief as it deems just and proper.

Dated:  December 3, 2009          Respectfully submitted,

By:      */s/  Tod S. Chasin*
          Tod S. Chasin
          BUCHANAN INGERSOLL &
          ROONEY PROFESSIONAL CORP.
          700 Alexander Park, Suite 300
          Princeton, New Jersey 08540
          (609) 987-6800
          (609) 520-0360

          Robert J. Kenney (*pro hac vice*)
          Michael Marion (*pro hac vice*)
          BIRCH, STEWART, KOLASCH &
          BIRCH, LLP
          8110 Gatehouse Road,
          Suite 100 E
          Falls Church, VA 22042
          (703) 205-8000

          Attorneys for Defendant Magellan's
          International Travel Corporation

## CERTIFICATE OF SERVICE

CINDY J. HOLLENDER, of full age, certifies as follows:

1.      I am a legal secretary employed by Buchanan Ingeersoll & Rooney, P.C.,

attorneys for defendant Magellan International Travel Corp. in this action.

2.      On this date I served the prefixed "Defendant Magellan's International

Travel Corporation's Answer To Complaint" upon counsel for Plaintiff and upon all

counsel who have entered an appearance in this action, via e-mail (PDF version) and first

class mail.


I certify under penalty of perjury that the foregoing is true and correct.

_____
CINDY J HOLLENDER

Executed on
December 3, 2009

9