UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| DAVID A. TROPP, | Hon. Eric N. Vitaliano, U.S.D.J. |
| | Hon. Roanne L. Mann, U.S.M.J. |
| Plaintiff, | |
| v. | Civil Action No. 1:08-cv-04446 |
| CONAIR CORPORATION, BROOKSTONE, INC., BRIGGS & RILEY TRAVELWARE LLC, DELSEY LUGGAGE INC., EBAGS, INC., EAGLE CREEK, a division of VF OUTDOOR, INC., MASTER LOCK COMPANY, LLC, HP MARKETING CORP. LTD, L.C. INDUSTRIES, LLC, OUTPAC DESIGNS INC., MAGELLAN'S INTERNATIONAL TRAVEL CORPORATION, SAMSONITE CORPORATION, TITAN LUGGAGE USA, TRAVELPRO INTERNATIONAL INC, TUMI, INC, TRG ACCESSORIES, LLC, and WORDLOCK, INC., | |
| Defendants. | |

---------------------------------------------------------------x

## DEFENDANTS BROOKSTONE, INC. AND VF OUTDOOR, INC.'S ANSWER TO COMPLAINT

Defendants Brookstone, Inc. ("Brookstone") and Eagle Creek, a division of VF Outdoor, Inc. ("VF Outdoor") (collectively, "Defendants"), by the through their counsel, each hereby answers the Complaint of David A. Tropp ("Tropp" or "Plaintiff") as follows:

### PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and, therefore, deny same.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and, therefore, deny same.

3. Brookstone admits that it is a Delaware corporation with its corporate headquarters at One Innovation Way, Merrimack, New Hampshire, but denies that it manufactures, distributes licenses or sells a variety of travel security and luggage products and accessories. VF Outdoor is without sufficient information to form a belief as to the truth of the allegations as set forth in paragraph 3 of the Complaint, and, therefore, denies same

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and, therefore, deny same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and, therefore, deny same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and, therefore, deny same.

7. VF Outdoor denies that it is a California corporation, but admits that it is a Delaware corporation with its corporate headquarters at 2011 Farallon Drive, San Leandro, California 94577. The Eagle Creek division is located at 3055 Enterprise Court, Vista, California 92081. VF Outdoor admits that it, through the Eagle Creek operating division, distributes, has sold, and sells Eagle Creek brand luggage products and accessories. Otherwise, except as specifically admitted herein, VF Outdoor denies the allegations set forth in paragraph 7 of the Complaint. Brookstone is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and, therefore, denies same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, therefore, deny same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and, therefore, deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and, therefore, deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, therefore, deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, therefore, deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and, therefore, deny same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and, therefore, deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and, therefore, deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and, therefore, deny same.

## JURISDICTION AND VENUE

19. Paragraph 19 purports to state a conclusion of law to which no response is required.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and, therefore, deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and, therefore, deny same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, therefore, deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, therefore, deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and, therefore, deny same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and, therefore, deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and, therefore, deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and, therefore, deny same.

## JURISDICTION AND VENUE

19. Paragraph 19 purports to state a conclusion of law to which no response is required.

20. Paragraph 20 purports to state a conclusion of law to which no response is required.

## BACKGROUND

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint, except admit that on or about April 4, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,021,537, entitled "Method of Improving Airline Luggage Inspection."

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint, except admit that on or about May 2, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,036,728, entitled "Method of Improving Airline Luggage Inspection."

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and, therefore, deny same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and, therefore, deny same.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint, except VF Outdoor admits that it sells luggage locks and other products incorporating the Travel Sentry trademark, while Brookstone denies that it sells luggage locks and other products incorporating the Travel Sentry trademark.

30. Defendants admit the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Any other allegations contained in the Complaint that have not been expressly admitted are hereby expressly denied.

## COUNT I
### INFRINGEMENT OF THE '537 PATENT

34. Defendants restate and incorporate by reference their answers to paragraphs 1 to 32 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

## COUNT II
### INFRINGEMENT OF THE '728 PATENT

39. Defendants restate and incorporate by reference their answers to paragraphs 1 to 37 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendants have not infringed, either literally or under the doctrine of equivalents, nor induced any infringement of, nor contributed to any infringement of any of the claims of U.S. Patents Nos. 7,021,537 and 7,036,728, either willfully or otherwise.

## THIRD DEFENSE

U.S. Patent Nos. 7,021,537 and 7,036,728, and each claim thereof, are invalid because they do not comply with the statutory requirements of patentability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## FOURTH DEFENSE

Plaintiff has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Defendants, and, therefore, the relief sought by the Plaintiff cannot be granted.

## FIFTH DEFENSE

Plaintiff's claims for relief are limited by operation of 28 U.S.C. § 1498, and/or Defendants are immune from liability for infringement of the '537 and '728 Patents under 28 U.S.C. § 1498.

## SIXTH DEFENSE

Plaintiff is not entitled to relief inasmuch as he has unclean hands.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover on his claims as said claims are frivolous and violative of 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

## EIGHTH DEFENSE

Plaintiffs are estopped from construing any valid claim of the '537 and '728 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product or method made, imported, used, sold or offered for sale by either of the Defendants because of admissions, whether by omission or acquiescence, disclaimers, and statements made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the '537 and '728 Patents, found in the '537 and/or '728 Patents, made to the United States Patent and Trademark Office during prosecution of either of these patents, and/or found in any patent, patent application, prosecution history, or paper filed during the prosecution of any application where Tropp is a named inventor in this or any other country.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by laches.

## TENTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287, including the duty to require marking on the part of any licensees.

## ELEVENTH DEFENSE

Plaintiff's claims for patent infringement are brought for the purpose of harassment and not in good faith. Consequently, this case should be found to be an exceptional case under 35 U.S.C. §285, and the Defendants should be awarded attorneys' fees and costs.

## TWELFTH DEFENSE

Plaintiffs is barred from recovery against the Defendants in whole or in part to the extent that Plaintiff has obtained any amount from any person or entity related to the acts of infringement alleged in the Complaint.

WHEREFORE, Defendants respectfully request that this Court:

1. Deny all of the Plaintiff's requests for relief;

2. Award Defendants their costs and fees in defending this action on the grounds that Plaintiff had no legal or factual basis to claim infringement of any valid claim, making this case exceptional under 35 U.S.C. § 285 and frivolous under 28 U.S.C. § 1927; and

3. Grant Defendants such other legal and equitable relief as it deems just and proper.

Dated: December 3, 2009          Respectfully submitted,

By: /s/ *Brian A. Carpenter*
Brian Carpenter, Esq.
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
(214) 665-3628

Theodore J. McEvoy, Esq (TM-8180)
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932
(973) 443-3525

Attorneys for Defendants Brookstone, Inc. and Eagle Creek, a division of VF Outdoor, Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically filed the foregoing **DEFENDANT CONAIR CORPORATION'S ANSWER TO COMPLAINT** with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Ronald D. Coleman (RC-3875)
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, NY 10119
(212) 695-8100

**Attorneys for Plaintiff David A. Tropp**

Gary M. Butter (GB-8925)
Jennifer Cozeolino (JC-4841)
Baker Botts, LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2546

**Attorneys for Defendant Tumi, Inc.**

Anthony James Difilippi
Abelman, Frayne & Schwab
150 East 42nd Street
New York, NY 10017
(212) 949-9022

**Attorneys for Defendant Briggs & Riley Travelware LLC**

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

**Attorneys for Defendants Outpac Designs Inc. and L.C. Industries, LLC**

Daniel G. Brown, Esq.
Wilson, Sonsini, Goodrich & Rosati PC
1301 Avenue of the Americas
New York, NY 10019

**Attorneys for Defendant Wordlock Inc.**

Robert J. Kenney, Esq.
Q. Rick Corrie, Esq.
Birch, Steward, Kolasch & Birch
8110 Gatehouse Road, Suite 100E
Falls Church, VA  22042
(703) 205-8000

**Attorneys for Defendant Magellan's International Travel Corporation**

William L. Prickett (WP-7278)
Heidsha Sheldon (HS-6493) (*pro hac vice*)
Zachary W. Berk (ZB-0459) (*pro hac vice*)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

**Attorneys for Conair Corporation, Master Lock Company, LLC, TRG Accessories, LLC, Samsonite Corporation, HP Marketing Corp. Ltd., Titan Luggage USA, and Travelpro International, Inc.**

Stacy Bekman Radz, Esq.
Ober, Kaler, Grimes & Shriver
130 East Baltimore Street
Baltimore, MD  21202
(410) 347-7675

**Attorneys for Defendant Delsey Luggage Inc.**

William L. Prickett (WP-7278)
Heidsha Sheldon (HS-6493) (*pro hac vice*)
Zachary W. Berk (ZB-0459) (*pro hac vice*)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800

**Attorneys for Defendant Conair Corporation**

　　　　　　　　　　　/s/ *Brian A. Carpenter*　　　　
　　　　　　　　　　　　　Brian A. Carpenter