UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID A. TROPP, | ) | Civil Action No. |
| | ) | CV-08-4446-ENV-RLM |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CONAIR CORPORATION, BROOKSTONE, | ) | |
| INC., BRIGGS & RILEY TRAVELWARE LLC, | ) | |
| DELSEY LUGGAGE, INC., EBAGS, INC., | ) | |
| EAGLE CREEK, INC., FORTUNE BRANDS, | ) | |
| INC, HP MARKETING CORP. LTD., L.C. | ) | |
| INDUSTRIES, LLC, OUTPAC DESIGNS INC., | ) | |
| MAGELLAN'S INTERNATIONAL TRAVEL | ) | |
| CORPORATION, SAMSONITE | ) | |
| CORPORATION, TITAN LUGGAGE USA, | ) | |
| TRAVELPRO INTERNATIONAL INC, TUMI, | ) | |
| INC., VICTORINOX SWISS ARMY, INC., and | ) | |
| WORDLOCK, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TUMI, INC.'S**
**ANSWER TO THE COMPLAINT OF PLAINTIFF DAVID A. TROPP**

Defendant Tumi, Inc. ("Tumi"), by and through its undersigned counsel, hereby presents its Answer o Plaintiff David A. Tropp's ("Tropp") Complaint, dated October 30, 2008 and filed November 3, 2008 (the "Complaint").

**ANSWER**

Answering each of the corresponding numbered paragraphs of the Complaint, Tumi answers and responds to the allegations therein, based on its current information and belief, as follows:

1. Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.	Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi.  To the extent a response is required, Tumi is without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Admitted.

17. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Tumi states that these allegations are directed to an unrelated defendant, and do not require a response from Tumi. To the extent a response is required, Tumi is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19.	Paragraph 19 purports to state a conclusion of law to which no response is required. To the extent a response is required, Tumi denies the allegations set forth in paragraph 19 of the Complaint.

20.	Paragraph 20 purports to state a conclusion of law to which no response is required. To the extent a response is required, Tumi denies the allegations set forth in paragraph 20 of the Complaint.

## BACKGROUND

21.	Tumi denies the allegations set forth in paragraph 21 of the Complaint, except admits that the TSA made public announcements prior to January 1, 2003 regarding luggage screening, which announcements speak for themselves.

22.	Tumi denies the allegations set forth in paragraph 22 of the Complaint.

23.	Tumi denies the allegations set forth in paragraph 23 of the Complaint, except admits that on or about April 4, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,021,537, entitled "Method of Improving Airline Luggage Inspection."

24.	Tumi denies the allegations set forth in paragraph 24 of the Complaint, except admits that on or about May 2, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,036,728, entitled "Method of Improving Airline Luggage Inspection."

25.	Tumi denies the allegations set forth in paragraph 25 of the Complaint.

26.	Tumi lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.	Tumi lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Tumi denies the allegations set forth in paragraph 28 of the Complaint.

29. Tumi denies the allegations set forth in paragraph 29 of the Complaint, except admits that it sells luggage locks.

30. Tumi admits the allegations set forth in paragraph 30 of the Complaint.

31. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 31 of the Complaint.

32. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT I
### INFRINGEMENT OF THE '537 PATENT

33. Tumi restates and incorporates by reference its answers to paragraphs 1 to 32 of the Complaint.

34. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 34 of the Complaint.

35. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 35 of the Complaint.

36. Denied as to Tumi, except Tumi admits that it sells luggage locks. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 36 of the Complaint.

37. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 37 of the Complaint.

## COUNT II
### INFRINGEMENT OF THE '728 PATENT

38. Tumi restates and incorporates by reference its answers to paragraphs 1 to 37 of the Complaint.

39. Denied as to Tumi. Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi. To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denied as to Tumi.  Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi.  To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 40 of the Complaint.

41.     Denied as to Tumi, except Tumi admits that it sells luggage locks.  Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi.  To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 41 of the Complaint.

42.     Denied as to Tumi.  Tumi states that the remaining allegations are directed to unrelated defendants, and do not require a response from Tumi.  To the extent a response is required, Tumi states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations set forth in paragraph 42 of the Complaint.

TROPP'S REQUEST FOR RELIEF

Tumi denies that Tropp is entitled to any of the relief sought in Paragraphs A-F of its prayer for relief against Tumi and requests that the Court deny all such relief to Tropp in its entirety and with prejudice and that Tropp take nothing.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

U.S. Patent Nos. 7,021,537 and 7,036,728, and each claim thereof, are invalid because they do not comply with the statutory requirements of patentability and enforceability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Tumi and, therefore, the relief sought by the Plaintiff cannot be granted.

## FOURTH AFFIRMATIVE DEFENSE

Tumi has not infringed, either literally or under the doctrine of equivalents, nor induced any infringement of, nor contributed to any infringement of any of the claims of U.S. Patent Nos. 7,021,537 and 7,036,728, either willfully or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Tumi is immune from liability for infringement of U.S. Patent Nos. 7,021,537 and 7,036,728 under 28 U.S.C. § 1498.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief inasmuch as he has unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on his claims as said claims are frivolous and violative of 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Tumi to the extent that Plaintiff has obtained any amount from any other person or entity related to infringement of U.S. Patent Nos. 7,021,537 and 7,036,728.

Dated: December 3, 2009

*/s/ Jennifer Cozeolino Tempesta*

Gary M. Butter (GB 8925)
Jennifer Cozeolino Tempesta (JT 4841)
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2546

*Attorneys for Defendant Tumi, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2009, I electronically filed the foregoing, **DEFENDANT TUMI, INC.'S ANSWER TO THE COMPLAINT OF PLAINTIFF DAVID A. TROPP** with the clerk of the District Court using the CM/ECF system which sent electronic notification of such filing to counsel for Plaintiff, as well as all ECF registered counsel of record in this action.

*/s/ Jennifer Cozeolino Tempesta*

Jennifer Cozeolino Tempesta
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112