**SEYFARTH**
ATTORNEYS **SHAW** LLP

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

(617) 946-4800

fax (617) 946-4801

www.seyfarth.com

Writer's direct phone
617-946-4902

Writer's e-mail
wprickett@seyfarth.com

December 3, 2009

**VIA ECF**

The Honorable Eric N. Vitaliano
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *David A. Tropp v. Conair Corp. et al.*, Case No. 08-cv-04446

Dear Judge Vitaliano:

We write on behalf of our clients, defendants Conair Corporation, Master Lock Company, LLC, HP Marketing Corp., Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc., and TRG Accessories, LLC, as well as the following additional defendants who requested to join in this letter: Brookstone, Inc., Briggs & Riley Travelware LLC, Delsey Luggage Inc., Eagle Creek, a division of VF Outdoor, Inc., eBags, Inc., Magellan's International Travel Corporation, Inc., Tumi, Inc., and Wordlock, Inc. (collectively, the "Defendants"), to request a pre-motion conference on the Defendants' anticipated motion for summary judgment. Certain essential facts of this case cannot be disputed and, as a result, the Defendants are entitled to judgment as a matter of law. Specifically, pursuant to 28 U.S.C. § 1498, plaintiff David A. Tropp's ("Tropp") remedy for infringement of the patents, if any, must be sought against the United States, not the Defendants in this case.

Tropp is the named inventor of the patents at issue.[1] The '537 and '728 Patents purport to claim a method performed in part by Transportation Security Administration ("TSA") baggage screeners using a dual access lock that can be opened and closed with a master key. Pursuant to 28 U.S.C. § 1498, if a patented invention is used or manufactured by or for the United States without license of the owner thereof, the owner's remedy is solely by an action against the United States. *See, e.g., Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, No. 4:07CV185, 2007 WL 3352365 (E.D.Mo. Nov. 9, 2007).

It cannot be disputed that the TSA is an agency of the United States Government. Nor can Tropp dispute that if any of the claims are valid and infringed (and Defendants maintain that none

---

[1] U.S. Patents Nos. 7,021,537 (the "'537 Patent") and 7,036,728 (the "'728 Patent") both entitled "Method of Improving Airline Luggage Inspection."

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



The Honorable Eric N. Vitaliano
December 3, 2009
Page 2

are valid or infringed), at least one step of each claim of the '537 and '728 Patents is performed by the TSA.  The Patents' claims each recite the following step that could only be performed by the TSA:

>   the luggage screening entity acting pursuant to a prior agreement to look for the identification structure while screening luggage and, upon finding said identification structure on an individual piece of luggage, to use the master key previously provided to the luggage screening entity to, if necessary, open the individual piece of luggage.

In addition, the undisputed record in the related *Travel Sentry* litigation shows that the TSA has continued to engage in a process of inspecting checked luggage that are locked with Travel Sentry marked locks (the locks allegedly distributed by the Defendants here), by opening them with the required master key, even after it was on notice of Tropp's infringement claims.  The process the TSA follows is also performed for the benefit of the government, in order to assist its efforts to increase the efficiency and safety of airline travel. Accordingly, because the method that Tropp accuses of infringement is performed both "by" and "for" the United States government and with its "authorization [and] consent," pursuant to § 1498, Tropp may only assert infringement claims against the United States — not the Defendants — in the U.S. Court of Federal Claims.

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference in connection with Defendants' motion for summary judgment.

Sincerely,

SEYFARTH SHAW LLP

*/s/ William L. Prickett*
William L. Prickett

WLP:zwb
cc:    Ronald D. Coleman, Esq.
       Gary M. Butter, Esq.
       Brian A. Carpenter, Esq.
       Tod S. Chasin, Esq.
       Quentin R. Corrie, Esq.
       Jennifer Cozeolino, Esq.
       Janet L. Cullum, Esq.
       Anthony J. Difilippi, Esq.
       Robert J. Kenney, Esq.
       Christopher F. Lonegro, Esq.
       Michael B. Marion, Esq.
       Michael F. Maschio, Esq.



The Honorable Eric N. Vitaliano
December 3, 2009
Page 3

Theodore J. McEvoy, Esq.
James Otteson, Esq.
Heidsha Sheldon, Esq.
Zachary W. Berk, Esq.