UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABELMAN, FRAYNE & SCHWAB
Jeffrey A. Schwab (JS 9592)
Anthony J. DiFilippi (AD 7870
666 3rd Avenue
New York, New York 10017
(212) 949-9022
(212) 949-9190 (fax)
jaschwab@lawabel.com
ajdifilippi@lawabel.com

-------------------------------------------------------------x

DAVID A. TROPP,

        Plaintiff,

        v.

CONAIR CORPORATION, BROOKSTONE,
INC., BRIGGS & RILEY TRAVELWARE LLC,
DELSEY LUGGAGE INC., EBAGS, INC.,
EAGLE CREEK, a division of VF OUTDOOR,
INC., MASTER LOCK COMPANY, LLC, HP
MARKETING CORP. LTD, L.C. INDUSTRIES,
LLC, OUTPAC DESIGNS INC., MAGELLAN'S
INTERNATIONAL TRAVEL CORPORATION,
SAMSONITE CORPORATION, TITAN
LUGGAGE USA, TRAVELPRO
INTERNATIONAL INC, TUMI, INC, TRG
ACCESSORIES, LLC, and WORDLOCK, INC.,

        Defendants.

-------------------------------------------------------------x

Hon. Eric N. Vitaliano, U.S.D.J.
Hon. Roanne L. Mann, U.S.M.J.

Civil Action No. 1:08-cv-04446

## **DEFENDANT BRIGGS & RILEY LLC'S ANSWER TO COMPLAINT**

Defendant Briggs & Riley Travelware LLC ("Defendant") hereby answers the Complaint of plaintiff, David A. Tropp ("Tropp" or "Plaintiff"), as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint, except admits that it is a limited liability company with a business address located at 400 Wireless Boulevard, Happauge, New York.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19. Paragraph 19 purports to state a conclusion of law to which no response is required.

20. Paragraph 20 purports to state a conclusion of law to which no response is required.

## BACKGROUND

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint except admits that the TSA made public announcements prior to January 1, 2003 regarding luggage screening, which announcements speak for themselves.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint, except admits that on or about April 4, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,021,537, entitled "Method of Improving Airline Luggage Inspection."

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint, except admits that on or about May 2, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,036,728, entitled "Method of Improving Airline Luggage Inspection."

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint, except admits that it sells luggage locks and other products incorporating the Travel Sentry trademark.

30. Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT I
### INFRINGEMENT OF THE '537 PATENT

33. Defendant restates and incorporates by reference its answers to paragraphs 1 to 32 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

## COUNT II
### INFRINGEMENT OF THE '728 PATENT

38. Defendant restates and incorporates by reference its answers to paragraphs 1 to 37 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

U.S. Patent Nos. 7,021,537 and 7,036,728, and each claim thereof, are invalid because they do not comply with the statutory requirements of patentability and enforceability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Defendant and, therefore, the relief sought by the Plaintiff cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not infringed, either literally or under the doctrine of equivalents, nor induced any infringement of, nor contributed to any infringement of any of the claims of U.S. Patents Nos. 7,021,537 and 7,036,728, either willfully or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability for infringement of U.S. Patent Nos. 7,021,537 and 7,036,728 under 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief to the extent he has unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on his claims as said claims are frivolous and violative of 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent he has failed to comply with the requirements of 35 U.S.C. § 287, including the duty to require marking on the part of any licensees.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Defendant to the extent that Plaintiff has obtained any amount from any other person or entity related to infringement of U.S. Patent Nos. 7,021,537 and 7,036,728.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for patent infringement are brought for the purpose of harassment and not in good faith. Consequently, this case should be found to be an exceptional case under 35 U.S.C. § 285, and the Defendants should be awarded attorneys' fees and costs.

WHEREFORE, Defendant respectfully requests that this Court:

1. Deny all of the Plaintiff's requests for relief;

2. Award Defendant its costs and fees in defending this action on the grounds that Plaintiff had no legal or factual basis to claim infringement of any valid claim, making this case exceptional under 35 U.S.C. § 285 and frivolous under 28 U.S.C. § 1927; and

3. Grant Defendant such other legal and equitable relief as it deems just and proper.

Dated: New York, New York
       December 3, 2009          Respectfully submitted,

                                  By: */s/ Jeffrey A. Schwab*
                                      Jeffrey A. Schwab (JS 9592)
                                      Anthony J. DiFilippi (AD 7870)
                                      ABELMAN, FRAYNE & SCHWAB
                                      666 3rd Avenue
                                      New York, New York 10017
                                      Telephone: (212) 949-9190
                                      *Attorneys for Defendant Briggs & Rile Travelware LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically filed the foregoing **DEFENDANT BRIGGS & RILEY LLC'S ANSWER TO COMPLAINT** with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Ronald D. Coleman (RC-3875)
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, NY 10119
(212) 695-8100

**Attorneys for Plaintiff David A. Tropp**

Gary M. Butter (GB-8925)
Jennifer Cozeolino (JC-4841)
Baker Botts, LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2546

**Attorneys for Defendant Tumi, Inc.**

Brian Carpenter, Esq.
Theodore J. McEvoy, Esq.
Greenberg Traurig
200 Park Avenue
Florham Park, NJ 07932
(973) 443-3525

**Attorneys for Defendants Brookstone, Inc. and Eagle Creek, a division of VF Outdoor, Inc.**

Jeffrey A. Schwab (JS 7870)
Anthony James Difilippi (AD 7870)
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017
(212) 949-9022

**Attorneys for Defendant Briggs & Riley Travelware LLC**

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

**Attorneys for Defendants Outpac Designs Inc. and L.C. Industries, LLC**

Daniel G. Brown, Esq.
Wilson, Sonsini, Goodrich & Rosati PC
1301 Avenue of the Americas
New York, NY 10019

**Attorneys for Defendant Wordlock Inc.**

Robert J. Kenney, Esq.
Q. Rick Corrie, Esq.
Birch, Steward, Kolasch & Birch
8110 Gatehouse Road, Suite 100E
Falls Church, VA 22042
(703) 205-8000

**Attorneys for Defendant Magellan's International Travel Corporation**

William L. Prickett (WP-7278)
Heidsha Sheldon (HS-6493) (*pro hac vice*)
Zachary W. Berk (ZB-0459) (*pro hac vice*)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

**Attorneys for Conair Corporation, Master Lock Company, LLC, TRG Accessories, LLC, Samsonite Corporation, HP Marketing Corp. Ltd., Titan Luggage USA, and Travelpro International, Inc.**

Stacy Bekman Radz, Esq.
Ober, Kaler, Grimes & Shriver
130 East Baltimore Street
Baltimore, MD 21202
(410) 347-7675

**Attorneys for Defendant Delsey Luggage Inc.**

_/s/ Jeffrey A. Schwab_