UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                              :
DAVID A. TROPP,                               :    Hon. Eric N. Vitaliano, U.S.D.J.
                                              :    Hon. Roanne L. Mann, U.S.M.J.
              Plaintiff,                      :
                                              :
       v.                                     :    Civil Action No. 1:08-cv-04446
                                              :
CONAIR CORPORATION, BROOKSTONE,               :
INC., BRIGGS & RILEY TRAVELWARE LLC,          :
DELSEY LUGGAGE INC., EBAGS, INC.,             :
EAGLE CREEK, a division of VF OUTDOOR,        :
INC., MASTER LOCK COMPANY, LLC, HP            :
MARKETING CORP. LTD, L.C. INDUSTRIES,         :
LLC, OUTPAC DESIGNS INC., MAGELLAN'S          :
INTERNATIONAL TRAVEL CORPORATION,             :
SAMSONITE CORPORATION, TITAN                  :
LUGGAGE USA, TRAVELPRO                        :
INTERNATIONAL INC, TUMI, INC, TRG             :
ACCESSORIES, LLC, and WORDLOCK, INC.,         :
                                              :
              Defendants.                     :
                                              :
-----------------------------------------------------------------x

## CERTAIN DEFENDANTS' STATEMENT OF MATERIAL
## FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Pursuant to Local Civil Rule 56.1, defendants Conair Corporation, Brookstone, Inc.,

Briggs & Riley Travelware LLC, Delsey Luggage Inc., eBags, Inc., Eagle Creek, a division of

VF Outdoor, Inc., Master Lock Company, LLC, HP Marketing Corp., Magellan's International

Travel Corporation, Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc.,

Tumi, Inc., TRG Accessories, LLC, and Wordlock, Inc. (collectively, the "Defendants") hereby

submit this statement of material facts to which there is no genuine issue to be tried:

1.     Following the tragic events of September 11, 2001, the Transportation Security

Administration ("TSA"), was formed.  The TSA is a United States' government agency under

the United States Department of Homeland Security.[1]

2.     The TSA plays a crucial role in the United States' efforts to combat terrorism, with a specific mission of "protect[ing] the Nation's transportation systems to ensure freedom of movement for people and commerce."[2]

3.     The TSA controls airline luggage inspection in the United States and is the sole airline luggage screening entity in the United States.[3]   The TSA specifies the procedures it uses for airline luggage inspection in the United States.[4]   The TSA has sole responsibility for determining and specifying if, when and how any airline luggage is opened or inspected in the United States.[5]

4.     On December 19, 2002, the TSA publicly announced that, pursuant to the Aviation and Transportation Security Act, it would begin to screen 100% of checked airline luggage in the United States starting on January 1, 2003 (the "Screening Mandate").[6]

5.     The Screening Mandate posed significant logistical challenges, including the

---

[1] *See* Transportation Security Administration: What Is TSA? (http://www.tsa.gov/who_we_are/what_is_TSA.shtm), attached to the Affidavit of Heidsha Sheldon ("Sheldon Aff.") as Exhibit 1.  The Court may take judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), that the TSA is a United States government agency.  *See Williams v. American Foreign Steampship Corp.*, 65 F.Supp. 900, 902 (S.D.N.Y.  1945) (taking judicial notice of the fact that the Maritime War Emergency Board is a governmental agency).  The Court may also take judicial notice of documents appearing on the TSA's official website.  *See, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)(taking judicial notice of approval by the National Mediation Board published on the agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003)(taking judicial notice of information on official government website); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp 2d 276, 287, n. 6 (E.D.N.Y. 2001)(taking judicial notice of documents from Pennsylvania State agencies and Federal Aviation Administration appearing on website).

[2] *See* Transportation Security Administration: Who We Are: Mission, Vision, and Core Values (http://www.tsa.gov/who_we_are/mission.shtm), attached to the Sheldon Aff. as Exhibit 2.

[3] *See* 49 U.S.C. § 114(d) and (e); 49 U.S.C. § 44901(b).

[4] *See* 49 U.S.C. § 114(d) and (e); 49 U.S.C. § 44901(b); *see also* 49 C.F.R. Part 1520.5(b)(9).

[5] *Id.*

[6] DT0131-32 (documents produced by plaintiff Tropp have been attached to the Sheldon Aff. as Exhibit 3).

amplification of the problems associated with the TSA's policy of clipping luggage locks from checked luggage in order to perform inspections.  Among other things, the lock clipping policy increased the risk of injury to luggage screeners and the likelihood of claims of theft and pilfering by traveling passengers.[7]

6.     John Vermilye ("Vermilye") is the founder and chief executive officer of Travel Sentry, Inc. ("Travel Sentry").[8]  In response to the Screening Mandate, Vermilye created the Travel Sentry concept, which resulted from a collaboration among lock and luggage manufacturers and other retailers to design standard dual access locks that can be opened with a small number of proprietary tools or master keys held by the Transportation Security Administration ("TSA").[9]  This method simplified and improved the TSA's previous key ring set program, in which TSA procured, under Vermilye's direction, sets of master luggage keys (approximately 35 keys per set) for the most popular luggage brands and used these key sets to open locked luggage during screening.[10]

7.     The Travel Sentry concept is a lock standard that enables the traveling public to

---

[7] Travel Sentry's Answers to Tropp's First Set of Interrogatories to Travel Sentry ("Travel Sentry's Answers to Interrogatories"), attached to the Sheldon Aff. as Exhibit 4, Answer No. 12; Transcript of the Deposition of John Vermilye dated 10/19/05 ("Vermilye Dep. 10/19/05"), attached to the Sheldon Aff. as Exhibit 5, pp. 16-19; 67, 74, 77; Transcript of the Deposition of John Vermilye dated 8/3/07 ("Vermilye Dep. 8/3/07"), attached to the Sheldon Aff. as Exhibit 6, p. 53; Transcript of the Deposition of Ron Sokolov 10/30/07 ("Sokolov Dep."), attached to the Sheldon Aff. as Exhibit 7, pp. 15-16; see also TSA 000001-4, 000008-10 (documents produced by the TSA have been attached to the Sheldon Aff. as Exhibit 8); Transcript of the Deposition of Kenneth Lauterstein ("Lauterstein Dep."), attached to the Sheldon Aff. as Exhibit 9, p. 36.

[8] Vermilye Dep. 10/19/05, p. 34.

[9] Vermilye Dep. 10/19/05, pp. 83-85; TS 000060-63, TS 000056-59, attached to the Sheldon Affidavit as Exhibit 10.

[10] Vermilye Dep. 10/19/05, pp. 18-19, 73-74, 77-80; TSA 000002, TSA 000009, TSA 000043; Travel Sentry's Answers to Interrogatories, Answer No. 12; Sokolov Dep., pp. 28-29, 39-40, 54; Transcript of Deposition of Kurt Krause 3/17/08, attached to the Sheldon Aff. as Exhibit 11, pp. 28-29, 42-43, 77, 103; Transcript of Deposition of Stephen Rynn 1/30/06, attached to the Sheldon Aff. as Exhibit 12, pp. 76-79; Affidavit of Stephen Rynn 1/11/06 filed in the first Tropp litigation (E.D.N.Y., C.A. No. 05-2338), attached to the Sheldon Aff. as Exhibit 13, at ¶¶ 3-4; Vermilye Dep. 8/3/07, pp. 94-95.

lock their checked baggage during travel while still allowing the TSA to open the lock and search the bags as needed, and then re-lock them.[11]

8.      The Travel Sentry concept includes the use of dual access locks for which the TSA holds exclusive control of the master key or tools that allows it to open the locks which bear Travel Sentry's logo.[12]

9.      Plaintiff, Tropp, is the named inventor of U.S. Patents Nos. 7,021,537 (the "'537 Patent") and 7,036,728 (the " '728 Patent"), both entitled "Method of Improving Airline Luggage Inspection."  The '537 and '728 Patents issued on April 4, 2006 and May 6, 2006, respectively.[13]

10.     The '537 and '728 Patents claim a method of using a dual access luggage lock that can be used by travelers to secure their luggage and accessed by a baggage screening entity using a master key.[14]

11.     The Patents' claims each recite the following step (the "luggage screening step") that, if performed, is only performed by the TSA:

> The luggage screening entity acting pursuant to a prior agreement to look for the identification structure while screening luggage and, upon finding said identification structure on an individual piece of luggage, to use the master key previously provided to the luggage screening entity to, if necessary, open the individual piece of luggage.[15]

---

[11] Travel Sentry's Answers to Interrogatories at Answer No. 12; Vermilye Dep. 8/3/07, pp. 265-66, 273-74; Transcript of Deposition of Joel Blumenthal 9/12/07 ("Blumenthal Dep. 9/12/07"), attached to the Sheldon Affidavit as Exhibit 14, pp. 21-25; TS 000060-63, TS 000056-59.

[12] Vermilye Dep. 8/3/07, pp. 265-66, 273-74; Blumenthal Dep. 9/12/07, pp. 21-25; Travel Sentry's Answers to Interrogatories, Answer No. 12; TS 000060-63, TS 000056-59.

[13] *See* The '537 and '728 Patents, attached to the Sheldon Affidavit as Exhibit 15, and fully incorporated herein.

[14] The '537 and '728 Patents; Transcript of Deposition of David A. Tropp 10/18/05 ("Tropp Dep. 10/18/05"), attached to the Sheldon Affidavit as Exhibit 16, pp. 24, 30.

[15] The '537 and '728 Patents.

12.    Travel Sentry's business is licensing its trademark to lock and luggage manufacturers and distributors.[16]

13.    On October 16, 2003, Travel Sentry entered into a Memorandum of Understanding with the TSA (the "MOU").[17]

14.    Pursuant to the MOU, its terms became effective on November 15, 2003.[18]

15.    On November 12, 2003, locks bearing Travel Sentry's logo were first made available—in stores across the country—to the public and the TSA began to recognize and open the locks during screening.[19]

16.    The TSA continues to recognize and open Travel Sentry marked locks as it furthers the TSA's objective reducing the amount of inconvenience and disturbance to passengers and commercial flight schedules.[20]

17.    The TSA has been aware of Tropp's claim to have invented his "method for improving airline luggage inspection," since he sent an unsolicited proposal to the TSA in January 2003 that purportedly described the claims set forth in the Patents.[21]

---

[16] Blumenthal Dep., p. 20, Vermilye Dep. 8/3/07, pp. 114, 116, 119-20, 172-74; Vermilye Dep. 10/19/05, pp. 37-39, 40, 124; Travel Sentry Marketing License Agreement (TS 000233-49), attached to the Sheldon Aff. as Exhibit 17; Travel Sentry Manufacturer Traademark License Agreement (TS 000201-210), attached to the Sheldon Aff. as Exhibit 18.

[17] Lauterstein Dep., Exhibit 3, attached to the Sheldon Aff. as Exhibit 19.

[18] *Id.*

[19] Travel Sentry's Answers to Interrogatories, Answer No. 12; Vermilye Dep. 8/3/07, pp. 125-26.

[20] *See* Transportation Security Administration: Air Travel: TSA Recognized Locks (http://www.tsa.gov/travelers/airtravel/assistant/locks.shtm), attached to the Sheldon Aff. as Exhibit 20; Transportation Security Administration: Who We Are: Mission, Vision, and Core Values (http://www.tsa.gov/who_we_are/mission.shtm).

[21] DT 00123-32; Tropp Dep. 10/18/05, pp. 47-48, 52-53, 66-67.

18.     The TSA has continued to recognize Travel Sentry licensed locks[22] despite being notified of the '537 and '728 Patents by, at the latest, on or about May 9, 2007, the date Travel Sentry made a *Touhy* request to the TSA.[23]

19.     The TSA's website (with links to both Travel Sentry's and Tropp's websites), explicitly references Tropp's patents.[24]

20.     The TSA continues to operate the 100% screening of luggage locked with Travel Sentry marked locks, through the use of proprietary master keys and tools.[25]

Dated: January 8, 2010

By:   _/s/ Heidsha Sheldon_
     William L. Prickett (WP-7278)
     Heidsha Sheldon (HS-6493) (*Pro hac vice*)
     Zachary W. Berk (ZB-0459)(*Pro hac vice*)
     SEYFARTH SHAW LLP
     World Trade Center East
     Two Seaport Lane, Suite 300
     Boston, MA 02210-2028
     (617) 946-4800

     *Attorneys for Defendants Conair Corporation, Master Lock Company, LLC, HP Marketing Corp., Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc., and TRG Accessories LLC*

By:   _/s/  Anthony J. DiFilippi_
     Anthony J. DiFilippi, Esq.
     Abelman, Frayne & Schwab
     666 Third Avenue
     New York, NY 10017-5621
     (212) 885-9215

     *Attorneys for Defendant Briggs & Riley Travelware LLC*

---

[22] *See* Transportation Security Administration: Air Travel: TSA Recognized Locks (http://www.tsa.gov/travelers/airtravel/assistant/locks.shtm).

[23] Travel Sentry's *Touhy* request to the TSA dated May 9, 2007, attached to the Sheldon Aff. as Exhibit 21.

[24] *See* Transportation Security Administration: Air Travel: TSA Recognized Baggage Locks (http://www.tsa.gov/travelers/airtravel/assistant/locks.shtm).

[25] *Id.*

By:   _/s/  Theodore J. McEvoy_____
       Brian Carpenter
       Theodore J. McEvoy (TM-8180)
       Greenberg Traurig
       200 Park Avenue
       Florham Park, NJ  07932
       (973) 443-3525

       *Attorneys for Defendant Brookstone, Inc.*
       *and Eagle Creek, a division of VF*
       *Outdoor, Inc.*

By:   _/s/  Chris Lonegro_____
       Chris Lonegro
       Ober, Kaler, Grimes & Shriver
       130 East Baltimore Street
       Baltimore, MD  21202
       (410) 347-7675

*Attorneys for Defendant Delsey Luggage Inc.*

By:   _/s/  Janet Cullum_____ _____
       Janet Cullum (SP-7620)
       Carolyn Juarez
       Cooley Godward Kornish LLP
       The Grace Building
       1114 Avenue of the Americas
       New York, NY 10036
       (212) 479-6000

       *Attorneys for Defendant eBags, Inc.*

By:   _/s/  Robert J. Kenney_____
       Robert J. Kenney (*pro hac vice*)
       Q. Rick Corrie, (*pro hac vice*)
       Birch, Steward, Kolasch & Birch
       8110 Gatehouse Road, Suite 100E
       Falls Church, VA  22042
       (703) 205-8000

       *Attorneys for Defendant Magellan's*
       *International Travel Corporation*

By:   _/s/  Daniel G. Brown_____
       Daniel G. Brown, Esq. (DB-   )
       Omar Jabri, Esq.
       Wilson, Sonsini, Goodrich & Rosati PC
       1301 Avenue of the Americas
       New York, NY  10019
       (212) 999-5800

       *Attorneys for Defendant Wordlock Inc.*

By:   _/s/  Gary M. Butter_____
       Gary M. Butter (GB-8925)
       Jennifer C. Tempesta (JC-4841)
       Baker Botts, LLP
       30 Rockefeller Plaza
       New York, NY 10112
       212-408-2546
       212-259-2546 (fax)

       *Attorneys for Defendant Tumi, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2010 I served the foregoing **CERTAIN DEFENDANTS' STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED** upon counsel for the Plaintiff, via hand delivery and e-mail (PDF version), as well as all other counsel who have entered an appearance in this action via e-mail (PDF version).

*/s/ Heidsha Sheldon*

Heidsha Sheldon

8

BO1 16013207.1 / 59720-000002