

GOETZ FITZPATRICK LLP
Attorneys at Law     www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

April 11, 2010

**VIA ECF**

Hon. Roanne L. Mann, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      **Re:**    **Tropp v. Conair Corp. et al.**
              **Civil Action No. 1:08-cv-04446**

Dear Magistrate Judge Mann:

      We are counsel for plaintiff. We write in connection with a myriad of discovery issues that threaten to undermine any prospect of progress in the forthcoming mediation as well as stymie Mr. Tropp's ability to prosecute his claims in this matter in the event that mediation is not successful.

      On November 23, 2009 we served on all defendants Plaintiff's First Requests for Discovery to Each Defendant. Thereafter, defendants requested and were provided an extension of time to respond through January 15, 2010. (A copy of Plaintiff's First Requests for Discovery to Each Defendant is attached hereto as Exhibit "A".) In responding on January 15th, each defendant with the exception of two—L.C. Industries, LLC and Brookstone, Inc.—failed to provide even a single stitch of paper which was responsive to plaintiff's request. (A copy of defendants' Responses to Plaintiff's First Requests for Discovery to Each Defendant is attached hereto as Exhibit "B".)

      Among a litany of baseless and unfounded objections, mainly boilerplate, defendants responded that they would produce no documents until the entry of a Protective Order—even those that were not withheld on the basis of confidentiality or privilege and regarding which the confidentiality order would be of no effect.[1]

---

[1] For example, in responding to plaintiff's Interrogatory No. 1, Tumi, Inc. ("Tumi") responds:

      Tumi objects to this Interrogatory as calling for the disclosure of Tumi's trade secrets or other confidential business information. Tumi will disclose its trade secrets or other confidential business information only upon entry of an appropriate protective order. Upon entry of an appropriate protective order, Tumi will either supplement this Interrogatory response or produce non-privileged, relevant documents from which the answer to this Interrogatory may be derived or ascertained as may be located after a reasonable search pursuant to Fed. R. Civ. P. 33(d).

 GOETZ FITZPATRICK LLP

Hon. Roanne L. Mann, U.S.M.J.
April 11, 2010
Page 2 of 4

**Proposed Protective Order.** Besides withholding both assertedly privileged, as well as non-privileged, responsive documents on the improper ground that they need not participate in discovery prior to the entry of a protective order, defendants did not even circulate a proposed protective order until February 4, 2010—over two months after being served with discovery. (A copy of the defendants' proposed Protective Order is attached hereto as Exhibit "C".) Moreover, at no time has any defendant served plaintiff with a privilege log identifying, as required under Fed. R. Civ. P. 26(b)(5)(ii),"the nature of the documents, communications, or tangible things not produced or disclosed — and . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

On March 26th we advised defendants that the proposed protective order, which essentially made all disclosure by defendants "attorneys' eyes only," was unacceptable. Defendants' proposed draft would effectively shut out Mr. Tropp entirely from involvement in prosecuting his claims under their proposed broad and unfettered designations of documents under this rubric. As we noted in our letter, furthermore, defendants' proposal was entirely contrary to the spirit, and violative of the letter, of the Court's mediation order of April 16th, whereby Mr. Tropp must be given access to defendants' sales data so that he may properly evaluate his claims. (A copy of my letter to Mr. Prickett dated March 26th is attached hereto as Exhibit "D".)

Defendants responded that "Mr. Tropp has already agreed to this standard language (and because we are not aware of a valid basis for him to change his mind), we are not inclined to deviate from the previously agreed-to language." (A copy of certain defendants' reply dated March 31, 2010 is attached hereto as Exhibit "E".) When did he "agree" to this? In the Travel Sentry Action! Notwithstanding the Court's order regarding shared discovery in this and the Travel Sentry matter, defendants' attempt to bootstrap arrangements in the Travel Sentry litigation, involving different parties and very different postures, to preclude Mr. Tropp's involvement in this case, is preposterous.

**Discovery Deficiencies.** On April 1 I once again wrote to defendants expressing concerns over their respective deficiencies in their discovery responses, which, among other things: (1) failed to justify a basis for their groundless objections; and (2) demanded all non-privileged documents and a complete privilege log be produced by April 8th. (Copies of my letters to defense counsel dated April 1 are attached hereto as Exhibit "F".) Not all defendants elected to respond, and with the single exception of Outpac Designs Inc. each justify their delinquency in producing any documents on the grounds that only "[o]nce the parties have an agreed upon protective order, [ ] Defendants will produce their responsive, non-privileged documents. To the extent that the Defendants withhold any responsive documents based on privilege, after making their document productions, the Defendants will provide corresponding privilege logs as required." Letter from Zachary W. Berk, Esq. of Seyfarth Shaw LLP, dated April 6, 2010, attached hereto as Exhibit "G".)

Defendants are clearly in violation of their discovery obligations under the Federal Rules and this Court's decisions interpreting them. *See O'Connor v. Gemeni Asset Recoveries, Inc.*, Case No. 09-cv-1180, 2009 WL 5102790, at *1 (E.D.N.Y. Dec. 15, 2009) (Orenstein J., ordering that in the absence of a privilege log, defendants' blanket assertion of privilege was improper and

 Hon. Roanne L. Mann, U.S.M.J.
April 11, 2010
Page 3 of 4

defendants had six days from the date of the order to provide a complete log for each responsive document withheld on the basis of privilege otherwise the privilege was waived). The Local Rule concerning the timing of the delivery of a privilege log is explicitly clear, and in fact was cited in each of my April 1 discovery deficiency letters to defendants. The Rule provides:

> Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing **at the time** of the response to such discovery or disclosure, unless otherwise ordered by the court.

L. Civ. R. 26.2(c) (emphasis added). There is no dispute that defendants failed to satisfy this requirement, and when pressed with my April 1 letter, those that even chose to respond elected to continue to ignore their discovery obligations and to flout the Federal Rules, the Local Rules and this Court's mediation order.

This casual approach to disclosure is at once surprising and unsurprising, considering that the unauthorized withholding of documents is nothing new to counsel for certain defendants who, of course, also represent Travel Sentry in the Travel Sentry Action. As Your Honor will readily recall, counsel and Travel Sentry were sanctioned, severely, for **precisely the same violation by precisely the same attorneys**—a sanction which they not only appealed, but which evidently made no impression on them at all. In confirming Your Honor's order of sanctions, Judge Vitaliano wrote:

> Although Travel Sentry purports to have withheld the Krause documents on grounds of national security and government privilege, it did not, as the rules require, provide a log reflecting the assertion of that privilege. Nor did it pursue an alternate course requesting a protective order to authorize it to withhold the documents or petition to file them under seal and seek the Court's guidance. As Judge Mann accurately observed, "[e]ven assuming *arguendo* that Travel Sentry misunderstood its obligations to identify SSI materials on a privilege log, the law is clear 'that a party may not independently withhold production without court authorization,' but must instead seek a protective order delaying production." Similarly, assuming *arguendo* that law or rule allowed Travel Sentry to avoid producing the undisputedly responsive and relevant Krause documents in its possession by serving a *Touhy* request on TSA, Travel Sentry should still have first sought a protective order.

*Travel Sentry, Inc. v. Tropp*, 669 F. Supp.2d 279, 285 (E.D.N.Y. 2009) (internal citations omitted). In light of this, the defendants' attitude is unsurprising, because contempt for the rules is their modus operandi of record; but it is surprising considering the price they paid for this exact behavior in the Travel Sentry case combined with the obvious conflict of interest issues already bubbling to the surface in this matter.

Accordingly, and in light of the foregoing, we ask that the Court order all defendants in this action to produce to plaintiff's counsel's office (1) a complete privilege log setting forth a

 GOETZ FITZPATRICK LLP

Hon. Roanne L. Mann, U.S.M.J.
April 11, 2010
Page 4 of 4

full description for each responsive document withheld on the basis on privilege pursuant to Fed. R. Civ. P. 26(b)(5)(ii) and L. Civ. R. 26.2; and (2) all responsive, non-privileged documents by no later than 5 p.m. (EST) on April 14. Furthermore, we ask that the Court charge the defaulting defendants costs and attorneys' fees associated with this motion pursuant to Fed. R. Civ. P. 37 and such other further relief as the Court deems just and proper, including the imposition of sanctions such as may actually have an effect on their future behavior.

Respectfully submitted,

Joel G. MacMull

cc:   All counsel of record (*via ECF*)