# SEYFARTH SHAW LLP

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
fax (617) 946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4812

Writer's e-mail
zberk@seyfarth.com

April 30, 2010

**VIA ECF**

The Honorable Roanne L. Mann
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *David A. Tropp v. Conair Corp. et al.*, Case No. 08-cv-04446

Dear Judge Mann:

Per Your Honor's Order dated April 27, 2010, attached please find a revised Provisional Stipulated Protective Order incorporating Your Honor's changes and the parties'[1] agreed upon provision concerning the filing of confidential materials, which is set forth in paragraph 12.

        Respectfully submitted,

        SEYFARTH SHAW LLP

        */s/ Zachary Berk*
        Zachary Berk

cc:    Ronald D. Coleman, Esq.
       Joel Geoffrey MacMull, Esq.
       William L. Prickett, Esq.
       Heidsha Sheldon, Esq.
       James S. Yu, Esq.
       Gary M. Butter, Esq.
       Brian A. Carpenter, Esq.
       Tod S. Chasin, Esq.
       Quentin R. Corrie, Esq.
       Jennifer Cozeolino Tempesta, Esq.
       Anthony DiFilippi, Esq.
       Robert J. Kenney, Esq.

---

[1] All of the parties, except Outpac Designs, Inc. and Wordlock, Inc., expressly agreed to this provision. Outpac Designs, Inc. and Wordlock, Inc. were served with the proposed provision but did neither objected nor provided their affirmative assent to the language.

BRUSSELS | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA



Michael B. Marion, Esq.
Michael F. Maschio, Esq.
Theodore J. McEvoy, Esq.
Christopher F. Lonegro, Esq.
Janet Leslie Cullum, Esq.
Carolyn Juarez, Esq.
Daniel Brown, Esq.
Omar Jabri, Esq.

12288103v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID A. TROPP,<br><br>    Plaintiff,<br><br>  v.<br><br>CONAIR CORPORATION, BROOKSTONE, INC., BRIGGS & RILEY TRAVELWARE LLC, DELSEY LUGGAGE INC., EBAGS, INC., EAGLE CREEK, a division of VF OUTDOOR, INC., MASTER LOCK COMPANY, LLC, HP MARKETING CORP. LTD, L.C. INDUSTRIES, LLC, OUTPAC DESIGNS INC., MAGELLAN'S INTERNATIONAL TRAVEL CORPORATION, SAMSONITE CORPORATION, TITAN LUGGAGE USA, TRAVELPRO INTERNATIONAL INC, TUMI, INC, TRG ACCESSORIES, LLC, and WORDLOCK, INC.<br><br>    Defendants. | Civil Action No. 08-CV-4446-ENV-RLM |

## PROVISIONAL STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in this action may involve the production of information which the producing parties or other persons claim to be confidential or proprietary information;

WHEREAS, to prevent unnecessary dissemination of confidential or proprietary information in the course of this action, it is hereby STIPULATED, AGREED AND ORDERED:

## SCOPE

1. The provisions of this Protective Order shall apply to all information, documents and things subject to discovery in this action, which are owned or controlled by any one of the Defendants to this action or Plaintiff David A. Tropp ("Tropp") and believed in good faith to

contain trade secrets or other confidential or proprietary research, development, commercial, business or financial information and/or which were received by any party hereto from a non-party under an obligation of confidentiality (hereinafter "CONFIDENTIAL MATERIALS"), including, without limitation, any testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, answers to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure designated by the parties as Confidential pursuant to the terms hereof.  CONFIDENTIAL MATERIALS shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries or abstracts of the foregoing.

2.     As used herein, "producing party" shall refer to any party to this action and to any non-party who gives testimony or produces documents or other information, and "receiving party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

3.     All CONFIDENTIAL MATERIALS shall be kept confidential, and shall not be given, shown, made available, discussed or otherwise communicated in any manner to any person not authorized to receive the CONFIDENTIAL MATERIALS under the terms of this Protective Order.  No person or party shall directly or indirectly utilize any CONFIDENTIAL MATERIALS obtained pursuant to discovery in this action except for the purposes of this action only and in accordance with this Protective Order and any further order of the Court.

## DESIGNATION

4.     The parties hereto shall label or mark documents and things deemed by them in good faith to be CONFIDENTIAL MATERIALS with the words "Confidential" or "Confidential

Information." Such labeling or marking shall be made at the time or before the document or thing is given to the receiving party. Materials so designated shall be disclosed by the receiving party only as provided in Paragraph 9 below.

      5.      Portions of any CONFIDENTIAL MATERIALS that comprise highly sensitive information requiring further and special protection because of potentially adverse competitive or other implications may be designated by a party in good faith as "Outside Attorneys' Eyes Only." Such materials may include particularly sensitive financial or competitive information, as well as trade secrets or highly proprietary technical information. It is the intent of the parties that the "Outside Attorneys' Eyes Only" designation shall be used in good faith and an effort will be made to limit its use to information which is legitimate proprietary financial, technical or business information of the producing party. Portions of materials so designated as "Outside Attorneys' Eyes Only" shall be disclosed by the receiving party only as provided in Paragraph 10 below. Information disclosed at a deposition may be designated as "Confidential" or "Outside Attorneys' Eyes Only" by either (a) indicating on the record at the deposition that the testimony is Confidential or Outside Attorneys' Eyes Only and subject to the provisions of this Order or (b) by notifying the other parties in writing, within ten (10) days of receipt of the transcript, those pages and lines that are "Confidential" or "Outside Attorneys' Eyes Only." In either event, all depositions shall be treated as "Outside Attorneys' Eyes Only" for a period of ten (10) days after receipt of the transcript by attorneys for each of the parties. This limitation shall not be interpreted to interfere with a deponent's right to review his or her own deposition transcript for accuracy.

      6.      If counsel for any party believes that any question or questions that will be put to any witness at a deposition upon oral examination ("deposition") will disclose CONFIDENTIAL

MATERIALS, or that answers to any question or questions will require such disclosure, or if CONFIDENTIAL MATERIALS will be used as exhibits during examination, such counsel shall during or before the deposition make a good faith effort to notify counsel for the other parties, and thereafter the deposition of the witness, or confidential portions thereof, be taken only in the presence of the reporter and persons entitled to access CONFIDENTIAL MATERIALS under Paragraph 8 or 9, as applicable.  Notwithstanding the foregoing good-faith obligation on such counsel, responsibility for designation of such information or testimony as CONFIDENTIAL INFORMATION shall lie with counsel for the producing party as set forth herein.

7.      When CONFIDENTIAL MATERIALS are presented, quoted or referred to in any hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements to ensure that only qualified persons are present during such presentation, quotation or reference.

## USE

8.      CONFIDENTIAL MATERIALS shall be deemed confidential, and unless and until this Court rules that there may be further disclosure, access thereto or dissemination thereof shall, subject to the provisions of paragraphs 10 and 11 below, be limited to:

(a)     In the case of CONFIDENTIAL MATERIALS of any one of the Defendants: partners and associates of Tropp's counsel and the other Defendants' outside counsel of record in this action; stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS; court reporters; outside copying vendors; and Tropp, with the need to have access to the CONFIDENTIAL MATERIALS in order to assist in the preparation of this action;

4

(b) In the case of CONFIDENTIAL MATERIALS of Tropp: partners and associates of any one of the Defendants' counsel of record in this action; clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS; court reporters; outside copying vendors; and officers and employees of any one of the Defendants with the need to have access to the CONFIDENTIAL MATERIALS in order to assist in the preparation of this action;

(c) Outside experts or consultants of each of the receiving parties, and their stenographic and clerical personnel.

(d) In the case of CONFIDENTIAL MATERIALS of third parties, those persons identified in paragraphs 8 (a) through (c) above.

9. Access to, and dissemination of, materials designated as "Outside Attorneys' Eyes Only" shall, subject to the provisions of paragraphs 10 and 11 below, be restricted to the following:

(a) In the case of CONFIDENTIAL MATERIALS of any one of the Defendants designated as "Outside Attorneys' Eyes Only": partners and associates of Tropp's counsel and the other Defendants' outside counsel of record in this action; stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS designated "Outside Attorneys' Eyes Only"; court reporters; and outside copying vendors;

(b) In the case of CONFIDENTIAL MATERIALS of Tropp designated as "Outside Attorneys' Eyes Only": partners and associates of any one of the Defendants' outside counsel of record in this action; stenographic, clerical and paralegal employees of those attorneys whose

5

functions require access to CONFIDENTIAL MATERIALS designated "Outside Attorneys' Eyes Only"; court reporters; and outside copying vendors;

(c) Outside experts or consultants of each of the receiving parties, including their stenographic and clerical personnel.

(d) In the case of CONFIDENTIAL MATERIALS of third parties designated as "Outside Attorneys' Eyes Only," those persons identified in paragraphs 9(a) through (c) above.

10. Before disclosure of any CONFIDENTIAL MATERIALS is made to any employee or officer of any receiving party (other than Tropp himself, who is a party hereto) or to any consultant or expert, counsel desiring to so disclose CONFIDENTIAL MATERIALS shall first obtain a signed undertaking in the form attached hereto as <u>Exhibit A</u> from each such person to whom disclosure is to be made, indicating that the person will comply with the terms of this Protective Order and counsel shall retain in his files the original of each signed undertaking. Counsel shall forward, by e-mail transmission, a copy of the signed undertaking to counsel for the producing party.  Unless otherwise agreed to by counsel for the parties, no CONFIDENTIAL MATERIALS shall be disclosed to any outside consultant or expert (including their stenographic or clerical employees) pursuant to paragraph 8 or 9 above until after the expiration of a ten (10) day period commencing with the receipt by counsel for the producing party of a copy of such signed undertaking and a current curriculum vitae of the outside expert or consultant making the undertaking; provided, however, if during the ten (10) day period counsel receives from counsel for the producing party an objection to such disclosure, setting forth specific reasons for such objection, there shall be no such disclosure of the producing party's CONFIDENTIAL MATERIALS to such persons except by further order of the Court.  The parties shall negotiate in good faith to resolve any dispute prior to seeking the intervention of the Court.  Within ten (10)

days after service of said objection, counsel for the party objecting may move the Court for an order denying disclosure of any CONFIDENTIAL MATERIALS to said additional person as to which a notice of objection has been served; in such event, such disclosure shall not be permitted until the Court rules or the producing party and receiving party agree that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of said objection.  If an expert is to be shown third party documents designated under paragraphs 8 or 9, such third parties or their counsel will have the rights to notice and to object that the parties opposing the disclosure have in this paragraph and subject to the same limitations thereto.

11. Where a submission to the Court that contains or discloses CONFIDENTIAL MATERIALS also contains portions that are not CONFIDENTIAL, the filing party shall publicly file, via ECF, a copy of the submission with the CONFIDENTIAL PORTIONS redacted.

12. If a party desires or is required to file CONFIDENTIAL MATERIALS with the Court in connection with any proceeding herein, such party shall file such CONFIDENTIAL MATERIALS with the Court under seal.  CONFIDENTIAL MATERIALS that are designated as either "Confidential" or "Attorneys' Eyes Only" in their entirety shall be removed from all papers to be filed via ECF and replaced with a page indicating that the CONFIDENTIAL MATERIAL has been designated either "Confidential" or "Attorneys' Eyes Only" and has been filed under seal.  CONFIDENTIAL MATERIALS that are only partially designated as either "Confidential" and/or "Attorneys' Eyes Only" shall be filed via ECF with the "Confidential" and/or "Attorneys' Eyes Only" portion(s) redacted.  A copy of all filings that contain or attach CONFIDENTIAL MATERIALS shall be delivered directly to the pertinent judge in sealed envelopes prominently marked with the caption of the case and the corresponding ECF docket

7

entry number. Such envelopes shall also carry the following notation: "The enclosed document contains Confidential (or 'Outside Attorneys' Eyes Only') Materials that are subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order."

      13.    Nothing in this Order shall require disclosure of any material, including materials which counsel for the parties contend is protected from disclosure by the attorney-client privilege or work product protection. This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

      14.    The acceptance by any party of materials designated as CONFIDENTIAL MATERIALS of another party shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. This Order shall not foreclose the receiving party from moving this Court for an order that CONFIDENTIAL MATERIALS are not, in fact, confidential. On such motion, the party asserting confidentiality shall have the burden of proving that the CONFIDENTIAL MATERIALS are confidential and involve its trade secrets and/or other confidential research, development, commercial, business, financial or other sensitive information.

      15.    This Order shall not prevent any party from applying to this Court for relief herefrom, or from applying to this Court for further or additional protective orders.

      16.    CONFIDENTIAL MATERIALS may be used at trial, at any motion hearing, and at depositions and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to Paragraphs 8, 9, 10, 11 and 12 above, but may not be used for any other purpose except as

expressly provided herein or by further order of this Court. The party using or planning to use such information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include bringing to the Court's attention the intention to disclose confidential information in open court and requesting the assistance of the Court in limiting disclosure.

17. In the event that the receiving party desires to provide access to or disseminate CONFIDENTIAL MATERIALS of another party to any person not otherwise entitled to access under Paragraphs 8 or 9 above, and in the absence of consent or stipulation by other party to such access, the receiving party may move this Court for an Order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS only after first signing an undertaking in the form attached hereto as Exhibit A, a copy of which shall be forwarded promptly thereafter to counsel for the producing party.

18. Nothing in this Protective Order shall prohibit the confidential disclosure of any CONFIDENTIAL MATERIALS to comply with an Order of any Court or pursuant to a valid subpoena wherein the Order or subpoena specifically directs the disclosure of such CONFIDENTIAL MATERIALS. In the event that any party hereto receives such a subpoena or Order demanding production of CONFIDENTIAL MATERIALS produced by another party, the party who originally produced the CONFIDENTIAL MATERIALS shall be notified immediately, and in any event, at least ten (10) days (or such time provided in the Order or subpoena if less than ten days) prior to the date disclosure is required, in order to allow the party who originally produced the Confidential Materials sufficient time to object to such further disclosure; provided, however, that any non-party obtaining CONFIDENTIAL MATERIALS by

9

subpoena or Order shall, prior to production of the CONFIDENTIAL MATERIALS, sign an undertaking in the form attached hereto as <u>Exhibit A</u> agreeing to be bound by terms of this Order.

19. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of Confidential Information and Outside Attorneys' Eyes Only information; provided; however, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of any Confidential Information or Outside Attorneys' Eyes Only information except pursuant to paragraphs 8 and 9.

## **INADVERTENT PRODUCTION/DESIGNATION**

20. A large number of complex documents may be produced by the parties to this litigation. To the extent that any Confidential or Outside Attorneys' Eyes Only information is produced without being designated as such, such production is inadvertent. Upon the request in good faith of any party for proper designation of an improperly designated (or undesignated) document, which shall be made promptly upon the earliest actual knowledge of such error, all copies of the document shall be marked with the proper designation and the document shall be retrieved by counsel from any person who would not have been allowed access to the document if it had been properly designated.

21. Should a producing party determine that a document subject to privilege or work product immunity has been produced inadvertently, the matter shall be brought to the attention of the receiving party. The inadvertently disclosed documents and all copies shall be returned to the producing party. Such disclosure shall not result in waiver of any associated privilege.

## RETURN/DESTRUCTION OF MATERIALS

22. Upon final termination of this action, including all appeals, counsel for the receiving party shall, at its option, return or destroy all CONFIDENTIAL MATERIALS, including derivations, abstracts, or similar materials and summaries thereof in his possession, custody or control, and those of any person having access to CONFIDENTIAL MATERIALS. Counsel for the receiving party shall certify that all such CONFIDENTIAL MATERIALS have been returned or destroyed in accordance with this Paragraph. Counsel may retain a single set of pleadings, transcripts or exhibits in this action that contain or attach Confidential Materials produced by any other party or third party.

## EXEMPTED MATERIALS

23. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge; (ii) becomes public knowledge other than as a result of disclosure by the receiving party; or (iii) has legitimately come, or shall come, into the receiving party's possession independently of the producing party through a means not constituting any direct or indirect breach of any confidentiality obligation or from a person not under an obligation to retain such information in confidence. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person is already in legitimate possession thereof.

24. Notwithstanding any provision in this Protective Order to the contrary, an individual who has been given access to CONFIDENTIAL MATERIALS produced by Tropp (collectively, the "Tropp Protected Information") in this action, may, for purposes of conducting this litigation and for no other purpose whatsoever, discuss such Tropp Protected Information

11

with any individual who has been given access to Tropp Protected Information in this action or in the *Travel Sentry v. Tropp* action, Case No. 1:06-6415 (E.D.N.Y) under substantially similar obligations of confidentiality as are provided by this Protective Order.

25. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of CONFIDENTIAL MATERIALS produced hereunder shall continue to be binding after the conclusion of this action, and this Court shall retain jurisdiction to enforce the provisions of this Order.

Dated: _____, 2010

**EXHIBIT A**

AFFIDAVIT OF: _____

STATE OF: _____

COUNTY OF: _____

1. My name is _____. I live at _____. I am employed as (state position and employer) _____.

2. I am aware that a Protective Order regarding confidential information has been entered in <u>Tropp v. Conair et al.</u>, No. 1:08-cv-04446, in the United States District Court for the Eastern District of New York (the "Court"). A copy of that Protective Order has been given to me. I have carefully reviewed it and I understand its terms and conditions.

3. I promise that documents, information, and tangible items designated as "Confidential" or "Outside Attorneys' Eyes Only" under the Protective Order entered in the above case will be used by me only as requested by Counsel in connection with this particular litigation, even when discussing it with persons identified in paragraph 4 below.

4. I promise that I will not disclose or discuss confidential information with any persons other than counsel for any party or paralegal or clerical personnel assisting such counsel, and other persons permitted access to confidential information under the Protective Order who have signed affidavits like this one, undertaking to preserve the confidentiality of confidential information.

5. I understand that any use of confidential information, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court and any other claims for breach of

13

the Protective Order.  By signing this Affidavit, I hereby knowingly and voluntarily submit, and waive any objection I might otherwise have, to personal jurisdiction of the Court for purposes of enforcing the Protective Order.

_____
Signature

12261206v.5