# SEYFARTH SHAW LLP

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028

(617) 946-4800
fax (617) 946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4812

Writer's e-mail
zberk@seyfarth.com

> *Application granted in part only. Plaintiff shall, on pain of sanctions, respond to the referenced discovery demands no later than June 24, 2010. The defense request for fees and costs is denied without prejudice.*
>
> SO ORDERED
> /s/
> Roanne L. Mann
> U.S. Magistrate Judge
> Dated: 6/15/10

June 15, 2010

**VIA ECF**

The Honorable Roanne L. Mann
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *David A. Tropp v. Conair Corp. et al*, Case No. 08-CV-04446

Dear Judge Mann:

Pursuant to Fed. R. Civ. P. 37(a)(3) and Local Civil Rule 37.3, defendants Conair Corporation, HP Marketing Corp., Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc. and TRG Accessories, LLC (collectively, the "defendants"), hereby move for an Order compelling plaintiff David A. Tropp's ("Tropp") answers to defendants' *First Set of Interrogatories to Plaintiff* (the "Interrogatories") and production of all documents requested by defendants' *First Request for Production of Documents and Things* (the "Document Requests"). (Copies of the Interrogatories and Document Requests are attached hereto as Exhibit A). The defendants also hereby request the attorneys' fees and costs associated with bringing this Motion.

Defendants served Tropp with their Interrogatories and Document Requests on February 10, 2010. (*See* Ex. A). Pursuant to Fed. R. Civ. P. 33 and 34, Tropp's responses to both were due on March 15, 2010. No extension of those deadlines was ever requested or provided. It has now been four months since Tropp was served with the discovery (nearly three months since his responses were due) and, to date, the defendants have not received a single response to either the Interrogatories or the Document Requests.[1]

The defendants have made several attempts to focus Tropp on his discovery obligations since the March 15th deadline passed, none of which has borne any fruit. The defendants first sent a letter to Tropp on April 13, 2010, advising him of his discovery deficiency and requesting that he provide his outstanding discovery responses immediately and without objection. (A copy of the April 13th letter is attached hereto as Ex. B). That same day, counsel for Tropp responded by e-

---

[1] Tropp similarly failed to respond to the Requests to Admit that were served by defendants on February 10, 2010. Thus, as a matter of law, all of the requests set forth therein are deemed admitted. (*See, e.g.*, Fed. R. Civ. P. 36(a)(3)).

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

Case 1:08-cv-04446-ENV -RLM   Document 202   Filed 06/15/10   Page 2 of 4



The Honorable Roanne L. Mann
June 15, 2010
Page 2

mail stating, without explanation, that "[t]here is no waiver" of any objections he may have and that "Mr. Tropp reserves all his rights," but not providing any documents, interrogatory responses, or any date by which they would be supplied. (A copy of the April 13th e-mail is attached hereto as Ex. C).

Approximately two weeks later, on April 28, 2010, the defendants sent Tropp a second letter concerning Tropp's failure to respond to the Interrogatories and Document Requests. (A copy of the April 28th letter is attached hereto as Ex. D). The April 28th letter explained that the defendants expected to received Tropp's document production by May 3, 2010. Tropp's counsel responded by e-mail that same day characterizing the defendants' discovery requests as "conditional" and, apparently, claiming (without any supporting authority) that Tropp was relieved of his discovery obligations due to the fact that the defendants had yet to make their document productions or provide supplemental discovery responses. (A copy of Tropp's April 28th e-mail is attached hereto as Ex. E).[2] Nevertheless, Tropp's counsel promised to provide the outstanding discovery by "no later than" May 10, 2010. (*Id.*). No documents were produced on May 10th or anytime since then.

On May 28, 2010, the defendants sent Tropp a third letter concerning his failure to respond to the defendants' Interrogatories and Document Requests. (A copy of the May 28th letter is attached hereto as Ex. F). That letter requested that Tropp's counsel provide his availability for a telephone conference on June 1, 2010, to meet and confer regarding Tropp's derelict discovery responses. Tropp's counsel did not respond to the May 28th letter. On June 4, 2010, counsel for the defendants again requested that Tropp's counsel engage in a meet and confer (this time on June 7, 2010). (A copy of the June 4th e-mail is attached hereto as Ex. G). At 7:33 p.m. on June 7, 2010, Tropp responded, once again, with the unsupported suggestion that his responses were not yet due because of the time the defendants took to produce their documents (a copy of Tropp's June 7, 2010 email is attached as Ex. H).

Thereafter, Tropp finally agreed to a meet and confer call on June 10, 2010, which was then rescheduled to June 11, 2010. During that call, Tropp's counsel stated that he would try to provide his client's discovery responses and document production on an unspecified date during the week of June 21st. However, Tropp's counsel would not commit to producing all of the plaintiff's documents that week and also conceded that he still has not received many of the expected documents from his client, Tropp. Based on Tropp's non-responsiveness and delays, the defendants have no degree of confidence that all documents will be produced next week. Nor would Tropp's counsel commit to producing all documents without objection and without withholding any of them.

It hardly needs mentioning that such non-responsive conduct violates both the letter and the spirit of the Federal and Local discovery rules. Tropp's failure to provide (1) any written response

---

[2] Tropp's April 28th e-mail failed to acknowledge the stark differences between his client's and the defendants' discovery responses. Namely, that the defendants, unlike Tropp, timely served their written discovery responses, after an agreed extension. The defendants' subsequent document productions were delayed only because the parties were negotiating a protective order to protect the confidential sales and other sensitive, proprietary business information requested by Tropp, and because Tropp, over long periods of time during that process, failed to provide any comments to the draft protective order. When Tropp finally did provide comments, many were objectionable and most of those were rejected by Your Honor in entering the order largely in the form proposed by defendants.

Case 1:08-cv-04446-ENV -RLM   Document 202   Filed 06/15/10   Page 3 of 4



The Honorable Roanne L. Mann
June 15, 2010
Page 3

under Rules 33 and 34, (2) any responsive documents, and (3) any valid basis for not complying, combined with his failure, at points, to even respond to efforts to confer on the issue, leaves defendants no choice but to seek intervention by the Court. Tropp's total disregard for his discovery obligations is particularly egregious given his repeated pleas in this case that he has suffered harm by delay and the fact that the discovery cut-off date (August 14, 2010) is only two months away.

His failure to respond in any way to discovery requests that were served back in February also directly undercuts Tropp's repeated arguments against defendants' request for stay of discovery in this case. Tropp has repeatedly argued that he will be prejudiced by delays in this case, yet feels he can delay his own obligations indefinitely. Since Tropp's discovery conduct shows his true view of that issue, this is just one more reason why the pending motions for stay (*see* DE 161, 170 and 199) should be granted.

Accordingly, the defendants respectfully request that this Court compel Tropp to answer the Interrogatories and produce the documents requested by the Documents Requests immediately and without objection. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); *Gorman v. County of Suffolk*, No. CV 08-533(ADS)(AKT), 2010 WL 55935, * (E.D.N.Y. Jan. 6, 2010)("Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *LaBarbera v. Absolute Trucking, Inc.*, No. CV 08-4581(DRH)(AKT), 2009 WL 2496463, *1 (E.D.N.Y. Aug. 12, 2009)(same).

The defendants further request that, in light of Tropp's total lack of any valid basis for failing to comply with his discovery obligations, and his failure to provide a date certain when he will do so (despite defendants' best efforts to get that commitment and resolve this dispute), the Court order Tropp to pay the attorneys' fees and costs associated with the filing of this motion.

Sincerely,

SEYFARTH SHAW LLP

*/s/ Zachary W. Berk*
Zachary W. Berk

WLP:cmb
Attachments

cc:    William L. Prickett, Esq.
       Ronald D. Coleman, Esq.
       Joel G. MacMull, Esq.
       Gary M. Butter, Esq.
       Brian A. Carpenter, Esq.
       Tod S. Chasin, Esq.