

**BRIAN A. CARPENTER**
BRIAN.CARPENTER@BJCIPLAW.COM                                214.635.1829 / DIRECT FAX

June 15, 2010

**VIA ECF**

The Honorable Roanne L. Mann
U. S. District Court
Eastern District of New York 225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>*David A. Tropp v. Conair Corp. et al*</u>, Case No. 08-CV-04446

Dear Judge Mann:

      Pursuant to Fed. R. Civ. P. 37(a)(3) and Local Civil Rule 37.3, defendants Brookstone Company, Inc. and Brookstone Stores, Inc. (collectively, the "defendants"), hereby move for an Order compelling plaintiff David A. Tropp's ("Tropp") answers to defendants' *First Set of Interrogatories to Plaintiff* (the "Interrogatories") and production of all documents requested by defendants' *First Set of Request for Production* (the "Document Requests"). (Copies of the Interrogatories and Document Requests to the Plaintiff are attached hereto as Exhibit A and B). The defendants also hereby request the attorneys' fees and costs associated with bringing this Motion.

      Defendants served Tropp with their Interrogatories and Document Requests on April 12 and April 16, respectively (See Ex. A).  Pursuant to Fed. R. Civ. P. 33 and 34, Tropp's responses to both were due on May 17 and Ma9, 2010, respectively.  To date, the defendants have not received a single response to either the Interrogatories or the Document Requests.

      The defendants have made several attempts to focus Tropp on his discovery obligations since the May 19th deadline passed, none of which has borne any fruit. The defendants first sent a letter to Tropp on June 3, 2010, advising him of his discovery deficiency and requesting that he provide his outstanding discovery responses immediately and without objection. (A copy of the letter is attached hereto as Ex. C).

The Honorable Roanne L. Mann
U. S. District Court
June 15, 2010
Page 2

At 7:33 p.m. (EDT) on June 7, 2010, Tropp responded, with the unsupported suggestion that his responses were not due because of the time the defendants took to produce their documents (a copy of Tropp's June 7, 2010 e-mail is attached as Ex. D).

Thereafter, Tropp finally agreed to a meet and confer call on June 10, 2010, which was then rescheduled to June 11, 2010.  During that call, Tropp's counsel stated that he would try to provide his client's discovery responses ad document production on an unspecified date during the week of June 21st.  However, Tropp's counsel would not commit to producing all of the plaintiff's documents that week ad also conceded that e still has not received many of the expected documents from his client, Tropp, Based on Tropp's non-responsiveness and delays, the defendants have no degree of confidence that all documents will be produced next week.  Nor would Tropp's counsel commit to producing all without objection and without withholding any of them.

It hardly needs mentioning that such non-responsive conduct violates both the letter and the spirit of the Federal and Local discovery rules.  Tropp's failure to provide (1) and written response under Rules 33 and 34, (2) any responsive documents, and (3) and valid basis for not complying, combined with his failure , at points, to even respond to efforts to confer on the issue, leaves defendants no choice but to seek intervention by the Court.  Tropp's total disregard for is discovery obligations is particularly egregious given his repeated pleas in this case that he has suffered harm by delay and the fact that the discovery cut-off date (August 14, 2010) is only two months away.  Mr. Tropp's failure is even more egregious in view of the fact that Mr. Tropp has been aggressively pursuing his own discovery as to these defendants.  For example, Mr. Tropp had scheduled the deposition of Brookstone for June 22, 2010 (and recently cancelled same, albeit for good cause relating to a personal matter of his counsel).  Evidently, plaintiff is under the misimpression that the Federal Rules only apply to the defendants.

Tropp's failure to respond in any way to discovery requests that were served in April also directly undercuts Tropp's repeated arguments against defendants' request for stay of discovery in this case.  Tropp has repeatedly argued that he will be prejudiced by delays in this case, yet feels he can delay his own obligations indefinitely.  Since Tropp's discovery conduct shows his true view of that issue, this just one more reason why he pending motions for stay (*see* DE 161, 170 and 199) should be granted.

Accordingly, the defendants respectfully request that this Court compel Tropp to answer the Interrogatories and produce the documents requested by the Documents Requests immediately and without objection.  *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); *Gorman v. County of Suffolk* No, CV 98-533(ADS)(AKT), 2010 WL 55935, * E.D.N.Y. Jan. 6, 2010)("Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.")  *LaBarbera v. Absolute Trucking, Inc.*, No. CV 08-4581* (DRH)(AKT) 2009 WL 2496463, *1 (E.D.N.Y. Aug. 12, 2009)(same).

The Honorable Roanne L. Mann
U. S. District Court
June 15, 2010
Page 3

      The defendants further request that, in light of Tropp's total lack of any valid basis for failing to comply with his discovery obligations, and his failure to provide a date certain when he will do so (despite defendants' best efforts to get that commitment and resolve this dispute), the Court order Tropp to pay the attorneys' fees and costs associated with the filing of this motion.

                                    Sincerely,

                                    /s/ Brian A. Carpenter

                                  Brian A. Carpenter

cc:  *Counsel of Record (via ECF mail)*