# SEYFARTH SHAW ATTORNEYS LLP

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA  02210-2028

(617) 946-4800

fax (617) 946-4801

www.seyfarth.com

Writer's direct phone
(617) 946-4812

Writer's e-mail
zberk@seyfarth.com

July 6, 2010

**VIA ECF**

The Honorable Roanne L. Mann
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *David A. Tropp v. Conair Corp. et al.*, Case No. 08-cv-04446

Dear Judge Mann:

  We write on behalf of our client (and non-party) Travel Sentry, Inc. ("Travel Sentry"), in response to the letter submitted by plaintiff David A. Tropp's ("Tropp") counsel on June 30, 2010. In his letter, Tropp asks the Court to intervene regarding the withdrawn third-party subpoena previously served on Travel Sentry ― and apparently would like the Court to waive his procedural obligations and alter Travel Sentry's rights under the rules ― because Travel Sentry has supposedly "refused to cooperate" and because Tropp believes that it would be a waste of resources if he were required to re-serve a subpoena in New Hampshire. In doing so, Tropp conveniently ignores the substance of counsel's discussions regarding this issue and glosses over the procedural history regarding the withdrawn subpoena.

  Tropp served Travel Sentry with his subpoena, which sought documents and deposition testimony, on March 31, 2010. On April 12, 2010, Travel Sentry filed a motion to quash Tropp's subpoena and for a protective order (the "Motion to Quash") in the U.S. District Court for the District of New Hampshire, where the subpoena was issued. (A copy of the Motion to Quash is attached hereto as Exhibit A). Travel Sentry moved to quash the subpoena because it was not served in compliance with Fed. R. Civ. P. 45, it sought information that was largely duplicative of the documents produced in the related Travel Sentry litigation (in breach of the discovery sharing stipulation entered in this case (*see* DE 143)), and, most importantly, it was severely overly broad and unduly burdensome.[1] (*Id*.). Tropp subsequently withdrew the Subpoena on April 14, 2010, presumably because of the severe deficiencies outlined in Travel Sentry's Motion to Quash.

---

[1] For example, the Subpoena requested "[a]ll documents and things concerning the Travel Sentry Lock." (*See* attachment to Ex. B). Notwithstanding the fact that Travel Sentry does not make or sell any locks (and that there is no

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



July 6, 2010
Page 2

Since then, rather than cure the deficiencies and serve Travel Sentry with a new subpoena that is not duplicative, overly broad and that is focused on issues in *this* case, Tropp's counsel has simply demanded that Travel Sentry informally agree to produce the documents requested in the *same,* wholly objectionable and withdrawn subpoena. In addition to being unreasonable, Tropp's request that Travel Sentry voluntarily produce all documents in response to the objectionable Subpoena is wholly inconsistent with efforts to cooperate in discovery and to the intent of the Discovery Sharing Stipulation, which was entered into, per Judge Vitaliano's suggestion, in order to streamline discovery and avoid the need to duplicate discovery from the Related Action. In any event, in an attempt to resolve the subpoena issue without involving the Court, Travel Sentry requested that Tropp serve a new, more narrowly tailored subpoena for consideration. (*See* May 19, 2010 letter from Travel Sentry's counsel, and related correspondence, attached hereto as Exhibit B). Tropp inexplicably has refused to do so.

Ultimately, the parties' inability to reach a resolution regarding any discovery of Travel Sentry is a result of Tropp's insistence that Travel Sentry comply with what was clearly a defective Rule 45 request. Travel Sentry has been and remains willing to engage in good faith negotiations regarding discovery. However, there currently is no subpoena for Travel Sentry to respond to and it is not willing to produce every single document in its possession simply because Tropp does not want to draft and serve a subpoena that is specifically tailored to the issues in this case and that honors the agreement reached by the parties in the Discovery Sharing Stipulation.

We are available to participate in a telephone conference regarding this issue if the Court believes that it is necessary.

Respectfully submitted,

SEYFARTH SHAW LLP


*/s/ Zachary W. Berk*
Zachary W. Berk

ZWB:mtf
cc:   Ronald D. Coleman, Esq.
      Joel MacMull, Esq.
      William L. Prickett Esq.
      James S. Yu, Esq.
      Gary M. Butter, Esq.
      Brian A. Carpenter, Esq.
      Tod S. Chasin, Esq.
      Quentin R. Corrie, Esq.
      Jennifer Cozeolino Tempesta, Esq.

---

such thing as a "Travel Sentry Lock", this request potentially encompassed each and every document in the possession, custody or control of Travel Sentry.



July 6, 2010
Page 3

Anthony DiFilippi, Esq.
Robert J. Kenney, Esq.
Michael B. Marion, Esq.
Michael F. Maschio, Esq.
Theodore J. McEvoy, Esq.
Christopher F. Lonegro, Esq.
Janet Leslie Cullum, Esq.
Carolyn Juarez, Esq.
Daniel Brown, Esq.
Omar Jabri, Esq.

12476983v.2