**SEYFARTH SHAW** LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA  02210-2028

(617) 946-4800
fax (617) 946-4801

www.seyfarth.com

Writer's direct phone
(617) 946-4812

Writer's e-mail
zberk@seyfarth.com

July 14, 2010

**VIA ECF**

The Honorable Roanne L. Mann
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>*David A. Tropp v. Conair Corp. et al*, Case No. 08-CV-04446</u>

Dear Judge Mann:

    Defendants Conair Corporation, HP Marketing Corp., Master Lock Company LLC, Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc. and TRG Accessories, LLC (collectively, "Defendants"), submit this letter in response to Tropp's July 13, 2010 letter and in further support of their July 9, 2010 letter seeking an Order striking plaintiff David A. Tropp's ("Tropp") responses and objections to their *First Requests to Admit to Plaintiff* ("Requests to Admit").

    As anticipated, Tropp's sole argument in response to Defendants' motion to strike is that his failure to respond to the Requests to Admit until one hundred and one (101) days after they were due (or even to seek an extension of time to respond during that period), as required by Rule 30(a), is somehow excused because Defendants' document productions were purportedly untimely.  This argument has no basis in fact or law and must be rejected.

    Tropp conspicuously omits several key facts and misrepresents others.  First, the only reason Defendants waited until May 3, 2010 to produce any documents is because Tropp refused to agree to a reasonable protective order before that time, and spent months either completely ignoring Defendants' proposed order or making unreasonable demands.[1]  Indeed, the Protective Order that the Court ultimately entered on April 27, 2010 (DE 192) is, in all material respects, the same as that which Defendants proposed almost three months earlier, on February 4, 2010 (but to which Tropp refused to consent, requiring intervention by Your Honor).  Once the Protective Order was entered, Defendants promptly began producing documents within a week.  As Defendants repeatedly

---

[1] For a complete chronology of events leading to the entry of the Protective Order, see Defendants' April 15, 2010 letter brief (DE 184), a true and accurate copy of which is attached hereto as <u>Exhibit A</u>.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



informed Tropp, had the Protective Order been entered in February, when Defendants first proposed it, they would have made their productions shortly after that time.  Second, even if Tropp could be excused for waiting until Defendants produced documents to respond to the Requests to Admit (a legal position that has no support, as discussed below), Defendants produced documents on May 3, 2010, and Tropp did not respond to the Requests to Admit for another fifty-two (52) days, until June 24, 2010.  Finally, it should not go unnoticed that not once did Tropp ever request an extension of time to respond to the Requests to Admit, nor did he seek relief under Rule 36(b).  *See Baker v. Dorfman*, 99 Civ. 9385, 2000 U.S. Dist. LEXIS 4893, at *16-17 (S.D.N.Y. April 17, 2000) (holding that the defendants' "inexcusable" failure to respond was compounded by their failure to make a simple request for an extension of time to respond).

In addition to being utterly unsupported by the facts, Tropp's argument is legally invalid.  The most glaring evidence of this is the fact that he has not cited a single case -- from any jurisdiction, much less this one -- supporting his position, despite having the burden of proving that his failure to respond to the Requests to Admit within 30 days constitutes excusable neglect.[2]  Indeed, Defendants were unable to find any cases in which a party has even raised the argument that Tropp raises here; namely, that a party is excused from the 30-day requirement of Rule 36(a) by virtue of another party's failure to comply with its discovery obligations (which is not even the case here, as discussed above).

Moreover, both of the cases Tropp does cite in his opposition are inapposite.  In *Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113 (D.D.C. 2005), a case from another Circuit, the plaintiff did not respond to requests for admissions because a motion to stay -- which the Court states that it would have granted -- was pending before a different judge who never ruled on it.  *Id.* at 118 ("To force a party to comply with an order while it was seeking review of that order would be, in effect, to compel that party to abandon in advance the victory it might gain by reversal of the magistrate judge's order.").  Tropp filed no such motion here; he simply ignored the Requests to Admit for over 100 days without explanation or excuse.  Likewise, *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 39-40 (W.D.N.Y. 1985), a case that is two and a half decades old, relies on the incorrect standard currently applicable only to motions under Rule 36(b).  *Id.* at 39-40 (acknowledging that back in the 1980s, "the standard for determining whether a party can avoid the stated consequences of failing to comply timely with a request for admissions has not been firmly established"); *compare* footnote 2, *supra*.  Tropp did not file a motion under Rule 36(b), and this case is thus also inapposite.

---

[2]  Tropp's argument that, rather than it being his burden to establish excusable neglect, Defendants must establish that they were prejudiced, is unfounded, as he never filed a motion under Rule 36(b).  As the Court (Kaplan, J.) held in *Sea-Land Service, Inc. v. Citihope Intern., Inc.*, 176 F.R.D. 118, 122 (S.D.N.Y. 1997):

> Rule 36(b) permits the withdrawal or amendment of an admission, thus suggesting that it applies only in circumstances in which a party has filed a timely response to a Rule 36 request but later seeks to change or withdraw its response.  Rule 6(b)(2), [excusable neglect] on the other hand, applies where a party simply fails to file any timely response to a Rule 36 request.  There is no reason why a party in that position should have the benefit of the arguably more generous Rule 36(b) standard.



July 14, 2010
Page 3

Accordingly, and for the reasons set forth in Defendants' July 9, 2010 letter brief, Defendants respectfully request that this Court strike Tropp's responses and objections to the Requests to Admit and order that each of the requests set forth therein are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). The defendants further request that, in light of Tropp's complete lack of any valid basis for failing to respond to the Requests to Admit, the Court order Tropp to pay the attorneys' fees and costs associated with the preparing and filing of this motion.

Sincerely,

SEYFARTH SHAW LLP


*/s/ Zachary W. Berk*
Zachary W. Berk

Attachments
cc:     William L. Prickett, Esq.
       Erik W. Weibust, Esq.
       Ronald D. Coleman, Esq.
       Joel G. MacMull, Esq.
       Gary M. Butter, Esq.
       Brian A. Carpenter, Esq.
       Tod S. Chasin, Esq.
       Quentin R. Corrie, Esq.
       Jennifer Cozeolino Tempesta, Esq.
       Anthony DiFilippi, Esq.
       Robert J. Kenney, Esq.
       Michael B. Marion, Esq.
       Michael F. Maschio, Esq.
       Theodore J. McEvoy, Esq.
       Christopher F. Lonegro, Esq.
       Janet Leslie Cullum, Esq.
       Carolyn Juarez, Esq.
       Thomas Fitzpatrick, Esq.
       Caine Moss, Esq.