UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID A. TROPP,

                          **Plaintiff,**

          -against-

**CONAIR CORP., et al.,**

                         **Defendants.**
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**08-CV-4446 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The posturing of the respective parties continues unabated.

Currently pending before this Court is a letter-motion filed by various defendants ("defendants") on July 9, 2010, seeking an order striking the responses and objections of plaintiff Tropp ("plaintiff") to those defendants' requests to admit ("Requests to Admit"), on the ground that plaintiff's responses were untimely. See Letter to the Court from Zachary W. Berk (July 9, 2010) ("Def. Mot."), ECF Docket Entry ("D.E.") #215.[1]  Defendants additionally request that plaintiff be ordered to pay the fees and costs associated with preparing defendants' motion. See id. at 1,3.  Predictably, plaintiff not only opposes the motion, but also cross-moves for fees and costs.  See Letter to the Court from Joel G. MacMull (July 13, 2010) ("Pl. Letter"), D.E. #217.  For the reasons that follow, the Court denies defendants' motion in its entirety, as well as plaintiff's cross-motion.

---

[1] Defendants also filed a reply without authorization from the Court.  See Letter to the Court from Zachary W., Berk (July 14, 2010) ("Def. Reply"), D.E. #220.

**FACTUAL BACKGROUND**

Defendants served plaintiff with their Requests to Admit, along with interrogatories and document demands, on February 10, 2010, and plaintiff's responses were due by March 15, 2010.  See Def. Letter at 2.  In the interim, various defendants moved to stay discovery, as well as mediation, during the pendency of their motion for summary judgment.  See Motion to Stay Discovery (Feb. 23, 2010), D.E. #161; Letter Motion to Continue Mediation (March 1, 2010), D.E. #167.  On April 11, 2010, while the defense motions to stay were still pending, plaintiff moved to compel all defendants to provide privilege logs and to produce all non-privileged documents responsive to discovery demands served by plaintiff on November 23, 2009.  See Motion to Compel (April 11, 2010), D.E. #176.  Notably, it was not until June 15, 2010, the day the Court denied the defense motion for a stay of discovery, see Memorandum and Order (June 15, 2010), D.E. #204, that any defendants sought to compel plaintiff to respond to their discovery demands.  See Motions to Compel (June 15, 2010), D.E. #202, 205; see also Motion to Compel (June 16, 2010), D.E. #206.  The Court directed plaintiff to serve his discovery responses by June 24, 2010, see Endorsed Order (June 15, 2010), D.E. #203, and plaintiff complied.  See Letter to the Court from Zachary W. Berk (July 2, 2010) at 2 n.2., D.E. #209.  Those responses were accompanied by plaintiff's responses and objections to defendants' Requests to Admit.  See Def. Mot. at 2.

**DISCUSSION**

Citing Rule 36(a)(3) of the Federal Rules of Civil Procedure, defendants now move for an order striking plaintiff's responses and objections to their Requests to Admit and directing that each such Request be deemed admitted.  In doing so, defendants quote the first sentence of

Rule 36(a)(3) -- to wit, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," Fed. R. Civ. P. 36(a)(3) (quoted in Def. Mot. at 1) -- but defendants totally ignore the second sentence of the Rule: "A shorter or longer time for responding may be stipulated to . . . *or be ordered by the Court*." Fed. R. Civ. 36(a)(3) (emphasis added). Thus, as defendants apparently do not dispute, see Def. Mot. at 2, the Court has the discretion to overlook plaintiff's dereliction and decline to strike his belated responses to the Requests to Admit. See Donovan v. Carls Drug Co., 703 F.2d 650, 651-52 (2d Cir. 1983) (court has discretion to permit late filing of a response to a request to admit), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 134 (1988); Williams v. Hernandez, No. 02 Civ. 4473(LMM), 2004 WL 2793198, at *1 (S.D.N.Y. Dec. 6, 2004) (permitting late response to requests to admit where that response "did not delay this litigation").

In defendants' unauthorized reply, they argue for the first time that where, as here, a party neglected to move for an extension of time under Rule 36(b), that party bears the burden of proving that his failure to serve a timely response constitutes excusable neglect, within the meaning of Rule 6(b)(1)(B). See Def. Reply at 2 & n.2. Even applying that standard, this Court declines to grant defendants the drastic remedy that they seek, to wit, an order striking plaintiff's responses and deeming all the Requests admitted.

To be sure, plaintiff's failure to respond by March 15, or to timely request an extension of that deadline, constituted attorney neglect. Nevertheless, under the circumstances presented, that neglect was excusable. First, defendants had filed a motion to stay all

discovery, and that motion was still pending; had themselves served boilerplate, inadequate responses to plaintiff's discovery demands[2]; and voiced no complaint about plaintiff's lack of response to their Request to Admit until after plaintiff sought judicial intervention to remedy defendants' delinquencies.[3]  Second, to forgive plaintiff for his tardiness will aid the presentation of the merits of the case and will not delay the litigation or prejudice defendants. See cases cited *supra* p. 3.  Having belatedly served their privilege logs nearly 3½ months late, in clear violation of Local Civil Rule 26.2(c) and only in response to this Court's directive, see Minute Entry (April 27, 2010) at 1, defendants should not now be heard to argue that plaintiff's delay falls short of the mark for excusable neglect.

## CONCLUSION

For the foregoing reasons, defendants' July 9th motion is denied in its entirety.  In addition, the Court denies plaintiff's cross-motion for fees and costs.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 21, 2010

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[2]  The Court rejects defendants' rationalization that the "only reason" for their delay in producing documents was plaintiff's refusal to agree "to a reasonable protective order . . . ." Def. Reply at 1.  In a telephone conference addressing plaintiff's motion to compel, the Court admonished defendants for overdesignating as "confidential," and thus withholding, virtually all responsive documents, see Minute Entry (April 27, 2010), D.E. #191, and the Court faulted defendants for having failed to serve a privilege log despite their repeated invocations of privilege.

[3]  As defendants well know, part of the delay was attributable to the deteriorating health and eventual death of plaintiff's counsel's father.  See Pl. Letter at 2 n.2.