**GF LLP**  **GOETZ FITZPATRICK LLP**
Attorneys at Law                                    www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Ronald D. Coleman
Partner
rcoleman@goetzfitz.com

September 22, 2010

**BY ECF**

Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: **Tropp v. Conair Corp. et al.**
       <u>**Civil Action No. 1:08-cv-04446**</u>

Dear Judge Vitaliano:

  We are counsel for plaintiff, David A. Tropp. We write in response to the Court's Memorandum and Order dated September 10, 2010 concerning *Travel Sentry*, *Inc. v. David A. Tropp,* Civil Action No. 06-cv-6415 ("Travel Sentry Decision") (Dkt. No. 232) in which Your Honor ordered that Mr. Tropp "show cause why he should not be estopped from pursuing his infringement claims against the licensee defendants." (Dkt. No. 232, at 2.)

  Naturally plaintiff wishes to preserve the rights he has sought to enforce via this litigation, for the reasons set forth in his papers filed in opposition to defendants' two motions for a stay. This remains the case notwithstanding the Travel Sentry Decision, which involved the same patents but other parties involved in other activities, in a different procedural context, and which ruling will be appealed by Mr Tropp.

  We respectfully submit that the seemingly obvious course of dismissal under the rule of collateral estoppel, which is a matter of state law, is in fact not at all obvious in its application here. To the contrary, for the reasons set forth below, and given the obvious unmistakable impact that any successful appeal may have on this litigation, Mr. Tropp respectfully requests that the Court stay this litigation pending the entry of a dispositive ruling on appeal of the Travel Sentry Decision.

  <u>**Patent Validity**</u> As the Court is well aware, in the Travel Sentry Decision the Travel Sentry Action was dismissed on grounds of non-infringement, not invalidity, and made this distinction explicit in the Travel Sentry Decision itself. (Dkt. No. 232, at 27 n. 10 "The Court

 GOETZ FITZPATRICK LLP

Hon. Eric N. Vitaliano, U.S.D.J.
September 22, 2010
Page 2 of 4

need not and does not decide the merits of Travel Sentry's invalidity claim.") Thus the rule set forth in *Purdue Pharma L.P. v. Teva*, No. 03-CV-2312, 2004 WL 1444883, at *2 (S.D.N.Y. June 28, 2004) that "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel" does not apply here. Rather the Court must make a substantive inquiry into whether to apply the doctrine here under New York law.

**Pendency of Appeal** Collateral estoppel prevents relitigation of an identical issues (1) decided in a prior proceeding which is (2) determinative of the present action and, (3) absent the invalidation of the premise of the second suit (e.g., by virtue of a ruling of patent invalidity) where the party against whom collateral estoppel is invoked had a "full and fair opportunity" to litigate the issue. *See*, e.g., *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 676 (2d Cir.1997). It is above all a rule of limited application meant to promote judicial efficiency:

> Recognizing that the doctrine places termination of litigation ahead of the correct result, the application of collateral estoppel has been narrowly tailored to ensure that it applies only where the circumstances indicate the issue estopped from further consideration was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness.

*Johnson v. Watkins*, 101 F3d 792, 795 (2d Cir. 1996).  The Second Circuit in *Johnson* noted that under New York law, appellate review plays a critical role in safeguarding the correctness of judgments, and hence that collateral estoppel should not be applied in the absence of such review.

This Court acknowledged, in its Memorandum Order dated June 15, 2010 concerning defendants' application for a stay, that the summary judgment motions in the Travel Sentry Action raised issues of first impression upon this Court. (Dkt. No. 204, at 5-6.) In light of New York's rule mandating deference to the progress of the appellate process in general, the Court's characterization of the novelty of the issues decided in the Travel Sentry Decision should, we submit, weigh particularly heavily in favor of such deference here.

**Contrasting Litigations** Besides the issue of appellate review, this matter and the Travel Sentry Action are materially distinct on their facts.  Thus, while the two litigations certainly have much in common, the factual and legal distinctions are so significant that dismissal of this action under the doctrine of collateral estoppel would not be appropriate or just.

As a substantive matter, the defendants in each case differ not only as to their identity but as to their relative positions in both the marketplace and the chain of production / distribution / use of the infringing locks. Travel Sentry licenses its trademark to lock and luggage manufacturers and distributors such as the defendants here. As plaintiff has only recently come to learn, by virtue of delays in the service of responses discovery by defendants, parties such as these defendants manufacture the subject locks with no involvement of Travel Sentry.  We are told that most parties do not pay per-unit royalties to Travel Sentry but rather an annual licensing

 Goetz Fitzpatrick LLP

Hon. Eric N. Vitaliano, U.S.D.J.
September 22, 2010
Page 3 of 4

fee. Because of these defendants' independence from Travel Sentry, as well as their position at least one step closer to the process by which infringement takes place, the claims in this case deserve their own inquiry, which is not obviously identical to the basis of the Travel Sentry Decision.

In particular, while the Court ruled that Travel Sentry neither performs all of the steps of the process resulting in direct infringement, nor controls the direct actions of multiple third parties which combine to perform all the steps of the process, there is no record before the Court with respect to what, if any, interaction these defendants or any of them has had or does have with the Transportation Security Administration ("TSA"). Indeed, in the Travel Sentry Decision, the Court relied almost entirely on the contents of the Memorandum of Understanding between Travel Sentry and the TSA—a document to which these defendants, it is undisputed, are not parties. This distinction alone, we submit, is an adequate basis on which to distinguish the two cases for purposes of the narrow applicability of collateral estoppel.

**Discovery in this action is not closed**  The last point regarding the pendency of critical factual questions here that were not resolved by the Travel Sentry Decision leads to the no less significant point that discovery has not been completed in this matter. And because much relevant evidence remains in the exclusive possession of defendants or third parties such as Travel Sentry—which has refused, improperly, to make any disclosures pursuant to either subpoenas or otherwise in this action—dismissal of this action based on summary judgment in another one is improper. *See Gary Plastic Packaging Corp. v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc*., 756 F.2d 230, 236 (2d Cir. 1985) ("Summary judgment should be sparingly granted when discovery is incomplete and under circumstances where defendants have exclusive possession of the material facts"); *Ross v. Warner*, No. 77 CV 243, 1980 WL 1474 (S.D.N.Y. Dec. 11, 1980) (Rule 56 intended to avoid summary disposition of a case where opposing party cannot present crucial evidence revealing a factual dispute because of witness unavailability or because moving party is in exclusive possession of information needed by opponent.)

Because the state of discovery and disclosure in this action as to relevant issues—including ones that may bear on defendants' relationship with the TSA, or others, with respect to the "steps" of infringement—is not yet complete, collateral estoppel should not apply where it would be based on a summary judgment in a case where discovery was, in fact, completed.

**The Appropriate Remedy Here is a Stay**  The Court, in its ruling denying defendants' initial stay application, did not hesitate to distinguish between the claims here and those in the Travel Sentry Action. (Dkt. No. 97, at 5-6.) For these reasons, as set forth above, collateral estoppel should not apply here. Nonetheless, Mr. Tropp recognizes that, if the Court's ruling as to patent non-infringement is affirmed, at the very least the nature and type of proceedings in this case would be materially different. While defendants' earlier arguments in favor of a stay were properly rejected, here the reasoning of the cases cited by them in which stays were granted does apply.

In deciding whether to grant a stay pending an appeal, courts must consider whether the stay applicant has made a strong showing that it is likely to succeed on the merits, whether the

 GOETZ FITZPATRICK LLP

applicant will be irreparably injured absent a stay, whether issuance of a stay will substantially injure other parties interested in the proceeding, and where the public's interest lies. *See Standard Havens Products, Inc. v. Gencor Indus., Inc*., 897 F.2d 511 (Fed. Cir. 1990). Each factor, however, need not be afforded equal weight, and the court's evaluation of likelihood of success on appeal is not a rigid criterion. *See id.*

Here, the balancing inquiry favors Mr. Tropp. The basis for Mr. Tropp's appeal, though naturally not yet developed fully, should be straightforward.  He will argue, among other things, that it could not have been the intent of Congress in passing the relevant sections of the Patent Act that an enterprising infringer may escape liability for patent infringement by enlisting non-agent third parties to complete a patented process, and in so doing profiting from the resultant infringing outcome.  The proposition that piecemeal infringement is still infringement is not unique or even unknown to this Court.  *See Metal Film Co. v. Melton Corp*., 316 F. Supp. 96, 110 (S.D.N.Y. 1970) (defendant liable for direct infringement where it hired third party to perform step of patented method). *Accord*, *Hill v. Amazon.com*, *Inc*., No. 02-CV-186, 2006 WL 151911, at *2 (E.D. Tex. Jan. 19, 2006) (denying motion for summary judgment of non-infringement where vendor "directed" its customers to perform the remaining step of the patented method); *Shields v. Halliburton Co*., 493 F. Supp. 1376, 1389 (W.D. La.), *aff'd*, 667 F.2d 1232 (5th Cir. 1982) (defendants liable for patent infringement arising from combined actions of two entities); *Free Standing Stuffer, Inc. v. Holly Dev. C*o., 187 U.S.P.Q. 323, 335 (N.D. Ill. 1974) (defendant liable for direct infringement where it instructed advertising agency to perform certain steps of patented process). Here, the issue of direct infringement combined with the novelty of an infringement involving a government agency merits consideration on appeal.

Finally, it is clear that, absent a stay, Mr. Tropp will be irreparably injured; if this case is dismissed, even without prejudice, refiling and starting this process over again would be highly wasteful and costly and his ultimate vindication delayed even more than it has been already. Accordingly, a stay of this matter pending resolution of the Travel Sentry appeal would promote judicial economy and avoid potentially wasteful efforts by the parties in this action. Moreover, a stay would impose only trivial costs, if any, on defendants both during its pendency and in the event of a complete affirmance of the Travel Sentry Decision.

For the foregoing reasons, Mr. Tropp respectfully requests that this Court not find Mr. Tropp to be collaterally estopped from pursuing the instant litigation against defendant licensees. Mr. Tropp further requests that, in light of Mr. Tropp's intention to appeal the Court's ruling, the Court order that this action be stayed pending entry of judgment on his appeal.

Respectfully submitted,

Ronald D. Coleman