UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
DAVID A. TROPP,                                                   :  Hon. Eric N. Vitaliano, U.S.D.J.
                                                                  :  Hon. Roanne L. Mann, U.S.M.J.
      Plaintiff,                                                 :
                                                                  :
      v.                                                         :  Civil Action No. 1:08-cv-04446
                                                                  :
CONAIR CORPORATION, BROOKSTONE,                                   :
INC., BRIGGS & RILEY TRAVELWARE LLC,                              :
DELSEY LUGGAGE INC., EBAGS, INC.,                                 :
EAGLE CREEK, a division of VF OUTDOOR,                            :
INC., MASTER LOCK COMPANY, LLC, HP                                :
MARKETING CORP. LTD, L.C. INDUSTRIES,                             :
LLC, OUTPAC DESIGNS INC., MAGELLAN'S                              :
INTERNATIONAL TRAVEL CORPORATION,                                 :
SAMSONITE CORPORATION, TITAN                                      :
LUGGAGE USA, TRAVELPRO                                            :
INTERNATIONAL INC, TUMI, INC, TRG                                 :
ACCESSORIES, LLC, and WORDLOCK, INC.,                             :
                                                                  :
      Defendants.                                                :
                                                                  :
------------------------------------------------------------------x

# DEFENDANTS' RESPONSE TO PLAINTIFF'S
# SHOW CAUSE LETTER REGARDING THE TRAVEL SENTRY DECISION

DATED:    October 1, 2010

**TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ……………………………………………………………………ii

**INTRODUCTION**…………………………………………………………………………………...1

**TROPP'S LEGAL THEORY**…………………………………………………………………...2

**ARGUMENT**……………………………………………………………………………………...4

    A.    Because The Infringement Issues Here Are Identical To Those Asserted In The *Travel Sentry* Case, This Action Is Barred By Collateral Estoppel And Must Be Dismissed………….4

        1.    Tropp Does Not Cite A Single Fact That Distinguishes This Case From *Travel Sentry*, Making It Impossible For Him To Show Any Infringement By Defendants………4

        2.    Contrary To Tropp's Baseless Suggestion, Collateral Estoppel Also Applies In The Context Of A Noninfringement Finding….7

    B.    Tropp's Request For A Stay Is Meritless And Should Be Denied………………..9

**CONCLUSION**………………………………………………………………………………..11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*BMC Resources, Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007) ................................................................................5, 7, 10

*Colida v. Qualcomm Inc.*,
  128 Fed. Appx. 765 (Fed. Cir. 2005) ................................................................................8

*In re Freeman*,
  30 F.3d 1459 (Fed. Cir. 1994) ...........................................................................................8

*Molinaro v. Fannon/Courier Corp.*,
  745 F.2d 651 (Fed. Cir. 1984) ...........................................................................................8

*Montana v. United States*,
  440 U.S. 147 (1979) ...........................................................................................................5

*Nystron v. Trex Co., Inc.*,
  580 F.3d 1281 (Fed. Cir. 2009) .........................................................................................8

*Okor v. Atari Games Corp.*,
  76 Fed. Appx. 327 (Fed. Cir. 2003) ...............................................................................8, 9

*Parker v. Blauvelt Volunteer Fire Co.*,
  93 N.Y.2d 343 (N.Y. 1999) ...............................................................................................5

*Studiengesellschaft Kohle v. USX Corp.*,
  675 F. Supp. 182 (D. Del. 1987) .......................................................................................8

Defendants Conair Corporation, Brookstone, Inc., Briggs & Riley Travelware LLC, Delsey Luggage Inc., eBags, Inc., Eagle Creek, a division of VF Outdoor, Inc., L.C. Industries, Inc., Master Lock Company, LLC, HP Marketing Corp. Ltd., Magellan's International Travel Corporation, Outpac Designs, Inc., Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc., Tumi, Inc., TRG Accessories, LLC, and Wordlock, Inc. (collectively, the "Defendants"), hereby respond to plaintiff David A. Tropp's ("Tropp") September 22, 2010 show cause letter (Docket Entry "DE" 235) (the "Letter") regarding the preclusive affect of this Court's September 10, 2010 Memorandum and Order in *Travel Sentry, Inc. v. David A. Tropp*, Civ. Action No. 1:06-cv-06415 (the "Travel Sentry Decision").

## **INTRODUCTION**

This Court asked Tropp to answer one question: Whether the infringement claim in this case is sufficiently identical to the one he asserted in the *Travel Sentry* case such that collateral estoppel would apply. Instead of squarely answering the question, however, Tropp submitted a meandering and contradictory Letter that skirts the issue, provides no factual support for his conclusory (and new) claim that the infringement issues here are different, and makes a half-hearted plea for a stay when he has twice previously vigorously opposed any stay of this case. For the reasons set forth below, the dispositive issues relevant to the infringement claim in this case are *identical* to those in *Travel Sentry* ─ as Tropp, himself, has repeatedly conceded in previous submissions. Accordingly, his Letter is just another groundless filing that is further multiplying this proceeding unnecessarily. The Court should therefore dismiss this case, with prejudice, on grounds of collateral estoppel.

1

## TROPP'S LEGAL THEORY

In direct contrast to the conclusory assertions in his Letter, Tropp has, from the outset of this case, pursued the exact same theory of infringement that he pursued in the *Travel Sentry* case. Tropp has even gone so far as to state that this case and the *Travel Sentry* case involve a "virtual identity of issues." (*E.g.*, DE 69, at 2). Because no argument can be made that anyone other than the TSA performs the claimed luggage screening step recited in Tropp's patents (U. S. Patent Nos. 7,021,537 and 7,036,728) (collectively, the "Patents"), and because it is undisputed that the TSA does not "make available" or "market" any locks as required by the Patents, Tropp has never argued that any one entity directly infringes his Patents by performing all of the steps of the Patents' claims. (*See* Travel Sentry Decision, at 25). Rather, as Tropp explained in opposing Travel Sentry's motion for summary judgment of noninfringement, it has always been his position that Travel Sentry acts as the "mastermind" of the allegedly infringing process. (*Travel Sentry* case – DE 139 – Opp. to Motion for Summary Judgment of Noninfringement, at 1). Specifically, in his opposition to Travel Sentry's summary judgment motion, Tropp argued that Travel Sentry is responsible for facilitating the allegedly infringing process, including the Defendants' (in *this* case) participation therein, by having entered into an agreement with the TSA (the Memorandum of Understanding, or "MOU") that allegedly constituted the requisite direction or control over the TSA's performance of the Patents' luggage screening steps. (*Id*., at 17-18). Tropp continued to rely on his mastermind theory in this case and, in opposing the Defendants' motion for summary judgment pursuant to 28 U.S.C. § 1498, specifically stated that "it is *undisputed*" that Travel Sentry's MOU with the TSA "define[s] the scope of all the

2

infringing locks at issue in this litigation." (DE 157, at 3) (emphasis added).[1]

Moreover, at no point has Tropp alleged that any of the Defendants here have a relationship with the TSA, never mind that they control the TSA's performance of the claimed luggage screening step. To the contrary, in his opposition to the Defendants' § 1498 summary judgment motion, Tropp expressly (and correctly) represented to the Court that "the moving defendants have *no relationship* with the government *at all* concerning the Travel Sentry locks[.]" (DE 157, at 3) (emphasis added). Tropp also correctly described the Defendants' relationship with the TSA as "non-existent" and stated that the record does not "show that any defendant entered into a contract with, fulfill orders for, or otherwise have any direct or indirect business, legal or other relationship with the TSA or any other government agency relating to the sale of Travel Sentry locks." (*Id*. at 4, 12; *see also id*. at 15). Tropp's opposition to the Defendants' § 1498 motion even included a subheading stating that "Defendants were not parties to the MOU between Travel Sentry and the TSA . . . and otherwise had no other relationship with . . . the government[.]" (*Id*. at 19).

Moreover, Tropp's discovery plan in this case has been absolutely consistent with his theory that the MOU between Travel Sentry and the TSA is the sole basis for his infringement claim both here and in the *Travel Sentry* case. Despite serving two sets of interrogatories, two sets of document requests and a set of requests for admission on the Defendants, Tropp has not made a single inquiry into the Defendants' "relationship" with the TSA ─ because he knows perfectly well that there is none. (*See* Tropp's Discovery Requests attached hereto as Ex. A).[2]

---

[1] Tropp also maintained the exact same theory of infringement against the nineteen (19) lock and luggage manufacturers that he unsuccessfully sued before the International Trade Commission. (*See Travel Sentry* case DE 150).

[2] The closest Tropp ever came to this subject was one of the topics he listed in the Rule 30(b)(6) notices he served on each Defendant on May 23, 2010. In those requests, Tropp asked for testimony regarding each Defendant's "communications with Travel Sentry concerning the TSA." (See Tropp's Rule 30(b)(6) Schedule A, at no. 8,

Similarly, Tropp has not sought any discovery from the TSA, including any documents or depositions, regarding whether and to what extent it has any relationships with any of the Defendants.

Accordingly, it is clear that Tropp's infringement claims against the Defendants are exactly the same as those asserted in the *Travel Sentry* case: That Travel Sentry is the mastermind of the allegedly infringing process and, more specifically, that Travel Sentry's MOU with the TSA purportedly constitutes the level of direction or control required for a finding of direct infringement. It was not until the Travel Sentry Decision and Tropp's Letter ─ both of which were filed within about one month of the discovery deadline in this case ─ that Tropp first suggested that the Defendants might somehow, through further discovery, be shown to be liable based on their "control" of the TSA's luggage screening procedures. This is the thinnest of reeds to support a stay or further discovery, and should be rejected summarily.

## ARGUMENT

A. **Because The Infringement Issues Here Are Identical To Those Asserted In The *Travel Sentry* Case, This Action Is Barred By Collateral Estoppel And Must Be Dismissed.**

  1. Tropp Does Not Cite A Single Fact That Distinguishes This Case From *Travel Sentry*, Making It Impossible For Him To Show Any Infringement By Defendants.

There is no question that, as a result of the Travel Sentry Decision, Tropp is precluded from arguing that the Defendants are somehow liable for infringement of the Patents. Tropp's theory of infringement here is that, although none of the Defendants (or anyone else) performs each step of any of the Patents' claims, because Travel Sentry purportedly controls the TSA and

---

attached hereto as Ex. B). However, this is not a request seeking to determine whether any Defendant has a relationship with (or control over) the TSA and, in any event, Tropp cancelled all of the depositions and never inquired on that subject (or any other subject) because he knew that such an inquiry would be pointless.

4

the Defendants, the Defendants could be liable for indirect infringement.  However, because the Travel Sentry Decision determined, per *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) (hereinafter "*BMC*") and its progeny, that Travel Sentry has no control over the TSA's actions, there cannot be direct infringement (and thus, there cannot be any indirect infringement).  *See, e.g., Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.") (citations omitted); *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (N.Y. 1999) ("The doctrine [of collateral estoppel] applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.") (citing *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500-01 (N.Y. 1984)).  Tropp does not even attempt to argue that he is entitled to relitigate the issue of the extent of Travel Sentry's control over the TSA in this case.  Therefore, Tropp's infringement theory against the Defendants, which, as explained above, is entirely dependent upon the Travel Sentry's exercise of control over the TSA via the MOU, is barred under the doctrine of collateral estoppel.

However, instead of conceding the frivolousness of his infringement claims, and the fact that his Patents cannot be infringed without evidence that some person or entity exercises the legally required direction or control over the TSA's luggage screening procedures, Tropp does a one hundred and eighty degree turn and argues, for the first time, that this case should be spared because discovery "may bear on defendants' relationship with the TSA." (Letter, at 3).  In doing so, Tropp contradicts the numerous representations that he made to this Court that the

5

Defendants have absolutely *no relationship* with the TSA and that it is "undisputed" that Travel Sentry's MOU with the TSA "defines the scope" of the Defendants' alleged infringement.[3] The frivolousness of this change in infringement theory is also evidenced by Tropp's discovery efforts, which have repeatedly steered away from the Defendants' non-existent control over the TSA. Obviously, Tropp did not seek discovery from the Defendants regarding their purported relationship with the TSA, and has not even attempted to seek discovery from the TSA, because he knew such efforts would be futile.

Even more telling, however, than the fact that Tropp is now making a new argument that he knows (and has admitted) is baseless, is the fact that Tropp does not point to a single piece of evidence that suggests that any of the Defendants either has a relationship with or exercises control over the TSA.[4] Indeed, although the parties have engaged in nearly a year of discovery (and the close of discovery is less than a month away), Tropp has received hundreds of thousands of pages of documents from the Defendants in response to his document requests, and Tropp engaged in substantial discovery in the *Travel Sentry* case during which he received documents and testimony from several of the Defendants in this case and from the TSA, there is not a single document or line of testimony to support any Defendant's control over the TSA's luggage screening processes.[5]

---

[3] Tropp has also admitted that no entity, including the Defendants, has any control over the TSA's screening methods by his failure to respond to the request for admission by VF Outdoor and Brookstone. (*See* DE 231 — VF Outdoor's and Brookstone's letter regarding pre-filing conference, Exhibits A and B, RFA No. 16).

[4] Tropp's argument (*see* Letter, at 2) that the Defendants are "at least one step closer [than Travel Sentry] to the process by which infringement takes place" is actually backwards, given the Defendants' total lack of relationship with the TSA. Unlike the Defendants, Travel Sentry at least has a connection to the TSA through the MOU, and is therefore the party that arguably is "one step closer" to the process than Defendants.

[5] Tropp's suggestion that his efforts to obtain discovery in this case have been impeded as a result of improper conduct by Travel Sentry is groundless. Tropp initially served Travel Sentry with a facially objectionable subpoena on March 31, 2010. (*See* DE 211). Travel Sentry then filed a Motion to Quash in the District of New Hampshire, where the subpoena was issued, and, presumably because of the numerous deficiencies identified in Travel Sentry's motion, Tropp withdrew the subpoena. (*Id.*). Tropp then asked this Court to enforce the same exact subpoena that

Ultimately, there is no question that Tropp's claims against the Defendants should be dismissed in light of the Travel Sentry Decision.  Tropp is collaterally estopped from pursuing the infringement theory that he has always maintained is the basis for the Defendants' liability in this action.  It is disingenuous for Tropp to now suggest that further discovery may reveal that the Defendants exercise direction or control over the TSA's performance of the luggage screening step such that they could be liable for direct infringement.  *See BMC*, 498 F.3d at 1379 (articulating vicarious liability standard for direct infringement where a single actor does not perform all of the claimed steps).

> 2.   Contrary To Tropp's Baseless Suggestion, Collateral Estoppel Also Applies In The Context Of A Noninfringement Finding.

Tropp also attempts to stave off dismissal by suggesting that collateral estoppel only applies to a finding of invalidity, and not non-infringement. (*See* Letter, at 1-2 ("the rule [that] 'once the claims of a patent are held invalid . . . an unrelated party . . . may reap the benefit of the invalidity decision under the principles of collateral estoppel' does not apply here")).  That argument deliberately ignores the non-infringement basis for collateral estoppel in this case.  Despite what Tropp may believe, he cannot pursue the same infringement theory against anyone else, including the Defendants, simply because his Patents have not been declared invalid.  Rather, where, as here, Tropp's infringement claim rests (depends) upon the exact theory of direct infringement that was fully litigated in the *Travel Sentry* case, *i.e.*, whether Travel Sentry

---

had been withdrawn. (DE 208).  Tropp's request was subsequently denied due to this Court's lack of jurisdiction and because there was no subpoena to rule upon. (DE 212). Nevertheless, Travel Sentry agreed to informally produce documents in response to a subpoena that was narrowly tailored to the issues in this case and not duplicative of the discovery it produced to Tropp in the *Travel Sentry* case.  Despite Travel Sentry's good faith efforts, and Tropp's counsel's agreement to narrow the scope of the subpoena, on August 20, 2010, Tropp again served the exact same objectionable subpoena that Travel Sentry had previously moved to quash.  After further discussion, Tropp's counsel agreed to limit the number of document requests, but failed to narrow the scope and continued to ask for "[a]ll communications with third parties concerning  Mr. Tropp, Safe Skies, the TSA or locks marked with the Travel Sentry trademark," which essentially encompasses all of Travel Sentry's communications.  (*See* September 7, 2010 e-mail correspondence attached hereto as Ex. C).

controls the TSA's performance of the claimed luggage screening step, Tropp is barred by the doctrine of collateral estoppel from pursuing such claims here. *See, e.g., Nystron v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009) ("For claim preclusion [*res judicata*] in a patent case, an accused infringer must show that the accused product or process in the second suit is 'essentially the same' as the first suit. . . .  Where an accused infringer has prevailed in an infringement suit, the accused devices have the status of noninfringements, and the defendant acquires the status of a noninfringer to that extent."); *Okor v. Atari Games Corp.*, 76 Fed. Appx. 327, 334 (Fed. Cir. 2003) (infringement claim by patent holder against, *inter alia*, sellers of video games dismissed on grounds of collateral estoppel based upon prior dismissal of plaintiff's claims against video game maker); *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984) ("A second defendant is entitled to the benefit of a judgment issued against the plaintiff in favor of a first defendant in prior litigation on the same issues. . . .") (citation omitted); *Studiengesellschaft Kohle v. USX Corp.*, 675 F. Supp. 182, 188 (D. Del. 1987) ("[Plaintiff] has already had a full and fair opportunity to litigate its [infringement] claim . . . and it lost.  [Plaintiff], simply by making the identical claim against a different defendant, seeks to have this Court relitigate the issue.  This the Court cannot do.  The exigencies of litigation demand that at some point there be an end to litigation of a particular issue."); *see also Colida v. Qualcomm Inc.*, 128 Fed. Appx. 765 (Fed. Cir. 2005); *In re Freeman*, 30 F.3d 1459 (Fed. Cir. 1994).

Here, all the elements of collateral estoppel are met: (1) the *Travel Sentry* case addressed the same infringement issues as those asserted in this case (lack of direction or control over the TSA by Travel Sentry); (2) Tropp litigated the issue to judgment in *Travel Sentry*; (3) this Court resolved the issue by final dispositive order; and (4) this Court's resolution in *Travel Sentry* was

8

essential to its Summary Judgment Decision. *See, e.g., Okor*, 76 Fed. Appx. at 334. Accordingly, this case should be dismissed with prejudice.

**B.     Tropp's Request For A Stay Is Meritless And Should Be Denied.**

Despite his previous oppositions to any stay here, Tropp continues his pattern of contradiction by now requesting that the Court stay this case during the pendency of Tropp's planned appeal of the Travel Sentry Decision. Similarly, in the same breath, Tropp concedes on the one hand the "obvious unmistakable impact" that an appeal of the Travel Sentry Decision would have "on this litigation," while simultaneously arguing, without support, that the "factual and legal distinctions [between this case and the *Travel Sentry* action] are so significant that dismissal of this action under the doctrine of collateral estoppel would not be appropriate or just." (Letter, at 1-2).[6] Clearly, if the facts and issues in this case were as materially different from those in the *Travel Sentry* case as Tropp claims them to be, then there would be no reason to seek a stay here. In any event, a stay of this action is not appropriate for several reasons and would accomplish nothing more than delaying the Defendants' right to a resolution of (and increasing the costs they are incurring in) this frivolous case.

First, contrary to Tropp's assertions, it is highly unlikely that Tropp could succeed on the merits of an appeal of the Travel Sentry Decision, because the basis that Tropp articulates has already been expressly rejected by the Federal Circuit. Specifically, Tropp's Letter states that he will argue that Congress did not intend for "an enterprising infringer [to] escape liability . . . by enlisting . . . third parties to complete a patented process." In support of this position, Tropp cites to several cases that he knows predate the Federal Circuit's decision in *BMC*, and, thus,

---

[6] It is similarly ironic how Tropp's current request for a stay jars against his prior statements to the Court that a "stay would be immensely prejudicial" to him, *see* DE 96, at 2, and would "slowly bleed[] [his] business to death." (*See* DE 164, at 9).

9

have been expressly or impliedly overruled by *BMC* and its progeny. Tropp also ignores the fact that, in *BMC*, the Federal Circuit squarely addressed and rejected this exact policy argument. As the Federal Circuit stated:

> This court acknowledges that the standard requiring control or direction for a finding of joint infringement may in some circumstances allow parties to enter into arms-length agreements to avoid infringement. Nonetheless, this concern does not outweigh concerns over expanding the rules governing direct infringement. For example, expanding the rules governing direct infringement to reach independent conduct of multiple actors would subvert the statutory scheme for indirect infringement. Direct infringement is a strict-liability offense, but it is limited to those who practice each and every element of the claimed invention.

*BMC*, 498 F.3d at 1381. In further addressing the potential unfairness of this rule for patentees like Tropp, the *BMC* court went onto explain that:

> [t]he concerns over a party avoiding infringement by arms-length cooperation can usually be offset by proper claim drafting. A patentee can usually structure a claim to capture infringement by a single party. In this case, for example, BMC could have drafted its claims to focus on one entity. . . . However, BMC chose instead to have four different parties perform different acts within one claim. BMC correctly notes the difficulty of proving infringement of this claim format. Nonetheless, this court will not unilaterally restructure the claim or the standards for joint infringement to remedy these ill-conceived claims.

*Id*. (citation omitted). As *BMC* makes clear, a patentee may avoid this potentially unfair result by crafting claim language that does not require multiple participants to perform a method ― something Tropp failed to do with his Patents. *See id.* Accordingly, short of the Supreme Court reversing *BMC*, or the Federal Circuit similarly changing its mind, Tropp's arguments that Congress did not intend the result in *BMC* is nothing short of frivolous.[7]

Second, Tropp's last ditch argument that he somehow would be prejudiced absent a stay

---

[7] Tropp also claims that his appeal would be compelling because the Court acknowledged, in its June 15, 2010 Order (DE 204) concerning Defendants' second stay motion, that "the summary judgment motions in the Travel Sentry Action raised issues of first impression on this Court." (Letter, at 2). This argument is misleading, to say the least, because the Court was specifically referring to the unique standing issues raised by Defendants' motion for summary judgment pursuant to § 1498, and *not* the more straightforward, but identical non-infringement issues asserted in the *Travel Sentry* action and this action. (*See* DE 204, at 5-6).

is also meritless. Despite Tropp's suggestion that he will be required to "refile and start the process all over again" if this action is not stayed and he is successful on appeal, in reality, Tropp will be in the exact same position regardless of whether this case is stayed, or is dismissed, reversed on appeal and remanded.[8]  On the other hand, a stay would simply continue to multiply the cost and resource depletion for the Defendants and the courts, as Tropp would engage in what would end up being piecemeal appeals (first the *Travel Sentry* appeal, then sometime later an appeal in this case).  If Tropp believes his appeal can be brought in good faith (which is hard to imagine unless the Federal Circuit plans to reverse *BMC*), it would clearly be more efficient for all concerned if both this case and the *Travel Sentry* case are appealed jointly, because the *exact same* infringement issue is addressed in both.

Finally, Tropp fails to cite any cases to support his claim that a stay is appropriate under circumstances, such as here, where a finding of noninfringement in one case has a preclusive effect in another pending litigation.

## CONCLUSION

For the foregoing reasons, Tropp's infringement claims in this case should be dismissed, with prejudice, based on the collateral estoppel effect of the Travel Sentry Decision.

Dated: October 1, 2010

---

[8] That is, on remand, Tropp would be free to resume any further discovery he thinks is necessary and would not have to refile his complaint or otherwise "start all over again."

By: */s/  William L. Prickett*_____
William L. Prickett (WP-7278)
Zachary W. Berk (ZB-0459)
(Admitted *pro hac* vice)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

*Attorneys for Defendants Conair Corporation, Master Lock Company, LLC, HP Marketing Corp., Ltd, L.C. Industries, LLC, Samsonite Corporation, Titan Luggage USA, Travelpro International, Inc., and TRG Accessories, LLC*

By: */s/  Gary M. Butter*_____
Gary M. Butter (GB-8925)
Jennifer Cozeolino (JC-4841)
Baker Botts, LLP
30 Rockefeller Plaza
New York, NY 10112
212-408-2546

*Attorneys for Defendant Tumi, Inc.*

By: */s/  Anthony J. DiFilippi*_____
Anthony J. DiFilippi
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY 10017-5621
(212) 885-9215

*Attorneys for Defendant Briggs & Riley Travelware LLC*

By: */s/  Robert J. Kenney*_____
Robert J. Kenney (*pro hac vice*)
Q. Rick Corrie (*pro hac vice*)
Birch, Steward, Kolasch & Birch
8110 Gatehouse Road, Suite 100E
Falls Church, VA  22042
(703) 205-8000

*Attorneys for Defendant Magellan's International Travel Corporation*

By: */s/  Steven Russell Gustavson*_____
Steven Russell Gustavson
Thomas F. Fitzpatrick
Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park,  CA  94025
650.752.3144

*Attorneys for Defendant Wordlock Inc.*

By: */s/  Brian A. Carpenter*_____
Brian A. Carpenter
Buether Joe & Carpenter LLC
1700 Pacific, Suite 2390
Dallas, TX  75201
(214) 466-1273

A*ttorneys for Defendants Brookstone, Inc., and Eagle Creek, a division of VF Outdoor, Inc.*

By: */s/  Christopher F. Lonegro*_____
Christopher F. Lonegro
Ober, Kaler, Grimes & Shriver
130 East Baltimore Street
Baltimore, MD  21202
(410) 347-7675

*Attorneys for Defendant Delsey Luggage, Inc.*

| | |
|---|---|
| By:  */s/ Janet Cullum*<br>Janet Cullum<br>Carolyn Juarez<br>Cooley Godward Kronish LLP<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY  10036<br>(212) 479-6000<br><br>*Attorneys for eBags, Inc.* | By:  */s/ Michael F. Maschio*<br>Michael F. Maschio (2366)<br>Cowan, Liebowitz & Latman, P.C.<br>1133 Avenue of the Americas<br>New York, NY  10036-6799<br>(212) 790-9270<br><br>*Attorneys for Outpac Designs Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S SHOW CAUSE LETTER REGARDING THE TRAVEL SENTRY DECISION** upon counsel for Plaintiff, via ecf, as well as all other counsel who have entered an appearance in this action via ecf.

                                         */s/ Zachary W. Berk*
                                         Zachary W. Berk