**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**TRAVEL SENTRY, INC.,**

                      **Plaintiff,**

     -against-

**DAVID A. TROPP,**

                      **Defendant.**
-----------------------------------------------------------------x
**DAVID A. TROPP,**

                      **Plaintiff,**

     -against-

**CONAIR CORP., et al.,**

                      **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**06-CV-6415 (ENV)**

**08-CV-4446 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On March 20, 2013, after having reviewed various competing proposed schedules submitted by the parties, this Court issued a Memorandum and Order concerning scheduling in both cases. See Memorandum and Order (Mar. 20, 2013) ("3/20/13 M&O"), Electronic Case Filing ("ECF") Docket Entry ("DE") #179.[1] Among other things, the Court concluded that David Tropp ("Tropp") had not shown good cause for reopening discovery in the *TSI* case, 06-CV-6415, or for extending it beyond April 22, 2013 in the *Conair* case, 08-CV-4446. See

---

[1] Unless otherwise indicated, docket entry numbers refer to the docket in the first-filed case, 06-CV-6415.

3/20/13 M&O at 3.  In a two-page letter dated March 22, 2013, plaintiff moved for reconsideration, complaining that the Federal Circuit's decision on appeal had modified the governing legal standards.  See Motion for Reconsideration (Mar. 22, 2013) at 2, DE #274 in *Conair* case, 08-CV-4446.[2]  Later that day, the Court noted that Tropp's motion "fail[ed] to particularize what additional discovery he wishes to conduct that he did not previously conduct and that was not reasonably within the scope of discovery before the appeal."  Memorandum and Order (Mar. 22, 2013) at 2, DE #180.  Nevertheless, the Court deferred decision on Tropp's request for reconsideration, in order to afford him further opportunity to make the requisite showing to support that motion.  See id.

Tropp's response to the Court's invitation largely reiterates that the governing legal standard has changed, and cites the following events that have occurred since September 10, 2010, which Tropp contends he should be allowed to explore on discovery:  TSI has entered into "new license agreements"; and (2) the Transportation Security Agency and TSI have entered into a new Memorandum of Understanding.  See Letter (Mar. 27, 2013) at 2, DE #181.  Tropp also seeks to "'refresh' his evidence on damages . . . ."  Id.

TSI and the Conair defendants oppose the motion for reconsideration, and persuasively demonstrate that Tropp's previous discovery requests sought and yielded ample discovery regarding the relationships of the alleged joint infringers, regardless of the applicable legal

---

[2] Tropp failed to docket his motion for reconsideration into the *TSI* case file, even though he is seeking relief in both cases.

-2-

standard.  See Letter (Apr. 1, 2013) at 2-3 (and attachments thereto), DE #182.  They further note that the post-September 10, 2010 discovery identified by Tropp "would have no bearing on the summary judgment motions" that TSI and the Conair defendants intend to file.  Id. at 3.

The Court concludes that Tropp has not sustained his heavy burden to establish that the Court erred in concluding, in its 3/20/13 M&O, that he is not entitled to the lengthy discovery schedule proposed by him (which would delay motions practice until 2014).  See 3/20/13 M&O at 2; see generally Quezada v. Brown, No. 08-CV-5088 (KAM), 2011 WL 4975343, at *1 (E.D.N.Y. Oct. 19, 2011) (reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (internal quotation and citations omitted).  The Court will, however, exercise its discretion to allow the parties a modest amount of additional time in both cases to serve and discover information concerning events occurring since the District Court ruled on the motions for summary judgment in 2010.  The Court will not allow parties to utilize the discovery period to "redo" previously conducted discovery.

Accordingly, all parties are directed to supplement their previous discovery responses in both cases by April 30, 2013.  Reopened fact discovery in both cases must be completed by May 31, 2013.

Motions for summary judgment in both cases must be served by June 28, 2013;

responses must be served by July 29, 2013; replies must be served, and submissions filed, by August 12, 2013. Expert discovery in the *Conair* case is stayed pending resolution of the dispositive motions.

Despite the Court's 3/20/13 M&O, Tropp did not amend his pleadings by March 27, 2013. See 3/20/13 M&O at 4. The parties in both cases are directed to file, by April 23, 2013, stipulations that Tropp's infringement claims may be deemed to include inducement as well as direct infringement.

Objections to this Memorandum and Order will not stay the schedule set forth herein.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**April 16, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**